F I L E D
United States Court of Appeals
Tenth Circuit

APR 2 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

BRIAN DALE DUBUC,

      Plaintiff-Appellant,

v.

TULSA COUNTY DISTRICT
COURT, Tulsa County District Court,
Oklahoma, separately, and CLIFFORD
E. HOPPER, Judge; TIM CLARK;
TULSA COUNTY DISTRICT
ATTORNEY'S OFFICE; NED
TURNBULL, Assistant District
Attorney, sued as:  NED TURNBALL;
TULSA COUNTY PUBLIC
DEFENDER'S OFFICE, separately
and sued as:  PAULA ALFORD and
RON WALLACE, Assistants; TULSA
POLICE DEPARTMENT, sued as:
JEFF CASH; DERICK CARLOCK;
OFFICER B. FINNLY; OFFICER
MCLANAHAN; OFFICER D.
ELLIOTT; RON FIELDS, sued as an
officer of the Tulsa Police
Department; BILL WARD, sued as an
officer of the Tulsa County Sheriff's
Department,

      Defendants-Appellees.

No.  96-5158
(D.C. No. CIV-94-207-H)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Brian Dale Dubuc was tried and convicted of four criminal counts in Tulsa County, Oklahoma. On direct appeal, the Oklahoma Court of Criminal Appeals overturned his convictions in an unpublished summary opinion, Dubuc v. Oklahoma, No. F-92-850 (Okla. Crim. App. filed June 29, 1995). Plaintiff, proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1982, alleging violation of various constitutional rights in connection with his trial and conviction in Tulsa County, Oklahoma. His complaint asserted that defendants had conspired and acted in concert to fraudulently and illegally

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

convict him of the charges he faced. All defendants, save state district court Judge Hopper, moved for summary judgment or to dismiss the complaint against them for failure to state a claim. The magistrate judge issued a report recommending that defendants' motions be granted based on immunity and a lack of specific factual allegations in plaintiff's complaint. He also noted that plaintiff's claims against Judge Hopper were res judicata and precluded by immunity for prior acts. Plaintiff filed objections. The district court adopted the magistrate judge's recommendation, granted the defendants' motions to dismiss or for summary judgment, and added sua sponte that Judge Hopper was entitled to absolute immunity on plaintiff's claims. A separate judgment was filed in accord with Fed. R. Civ. P. 58. Plaintiff filed a motion to set aside the district court's order and judgment, which was denied. This appeal followed.

Our jurisdiction arises from 28 U.S.C. § 1291. We review the district court's dismissal of plaintiff's complaint for failure to state a claim de novo, <u>Kidd v. Taos Ski Valley, Inc.</u>, 88 F.3d 848, 854 (10th Cir. 1996), affirming the dismissal "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." <u>Fuller v. Norton</u>, 86 F.3d 1016, 1020 (10th Cir. 1996). Our review of the grant of summary judgment is also de novo, applying the same

standards as the district court under Fed. R. Civ. P. 56(c). Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995). Further, we construe plaintiff's pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

On appeal, plaintiff contends that the district court's decision was error because the court failed to consider his motion for leave to amend his complaint, did not recognize his claims against defendants in their individual capacity, and acted as an advocate for defendant Judge Hopper. He argues that his allegations of conspiracy were sufficient to survive summary judgment or motions to dismiss, and that the district court did not follow the applicable standards.

After careful review of the record on appeal and due consideration of the parties' briefs, we conclude that the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order dated March 4, 1996, adopting the magistrate judge's report and recommendation dated August 5, 1994, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge