F I L E D
United States Court of Appeals
Tenth Circuit

AUG 27 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN DALE DUBUC,

       Plaintiff-Appellant,

v.

CITY OF TULSA, sued as: the City and
County of Tulsa, a municipal corporation
and as county; CLIFFORD E. HOPPER,
final policy maker and enforcement
officer, of Tulsa County; and district
Judge presiding until 1994; SALLEY
SELF, certified shorthand reporter and
official court stenographer and as
individual; EDWARD RANDOLPH
TURNBULL, as individual and county
prosecutor; RON WALLACE, as an
individual and county public defender;
PAULA J. ALFORD, an individual and
county appellate public defender; BILL A.
WARD, as an individual and county
officer for the public; RON MAYFIELD,
as an individual and police officer of city
and county of Tulsa; D ELLIOT, as an
individual and as an officer of city and
county of Tulsa; DERICK CARLOCK, as

Case No. 98-5140

(D.C. No. 97-CV-650-B)
(N. D. Okla.)

an individual and as an officer of city and county of Tulsa; JEFF CASH, as an individual and as an officer of city and county of Tulsa; TIM CLARK, an individual and manager owner of Silver Dollar Pawn Shop and as aid to officials herein; C. SHELBY CUNNINGHAM, an individual and as aid to officials herein; LESLIE LUNN, an individual and as aid to officials herein; PATTY R. MCKENZIE, as individual and as aid to official herein,

Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges,

---

Brian Dale Dubuc, proceeding pro se, appeals the district court's order dismissing his civil rights complaint sua sponte for failure to state a claim. For the reasons set forth below, we grant Mr. Dubuc's motion to proceed in forma pauperis, but on the merits, we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2

affirm the district court's decision.[1]

Mr. Dubuc filed this action pursuant to 42 U.S.C § 1983 against the City and County of Tulsa, and a number of city and county officials, including a state court judge, several police officers, a prosecutor, and two public defenders. He also named several private citizens as defendants. He alleged that all of these defendants conspired to deprive him of his constitutional rights by engineering his wrongful prosecution and conviction in an Oklahoma state court.

Applying 28 U.S.C. § 1915(g), the district court dismissed Mr. Dubuc's complaint sua sponte for failure to state a claim upon which relief may be granted. The court relied primarily on the doctrine of res judicata, reasoning that Mr. Dubuc had filed similar claims in a prior lawsuit in the same federal district. The court noted that the judge in the prior lawsuit had dismissed some of Mr. Dubuc's claims for failure to state a claim and had granted summary judgment in favor of the defendants on the remaining claims. See Rec. doc. 9, at 4 (citing Dubuc v. Tulsa County District Ct. No. 94-C-207-H, aff'd, No. 96-5158, 1997 WL 158168 (10th Cir. Apr. 2, 1997). As to the private citizen defendants in the present case, the district court concluded that Mr. Dubuc's conclusory allegations that these citizens acted under color of law were insufficient to state a claim.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The district court then denied Mr. Dubuc's motion for leave to proceed in forma pauperis on appeal on the grounds that, under 28 U.S.C.§ 1915(g), Mr. Dubuc had filed actions or appeals that had been dismissed as frivolous or malicious or for failure to state a claim on three prior occasions. For the first two "prior occasions," the district court cited two cases from the United States District Court for the Eastern District of Oklahoma that had been dismissed as frivolous (Dubuc v. Boone, No. CIV-93-192-B (E.D. Okla. Jan. 30, 1995) and Dubuc v. Boone, No. CIV-94-501-S (E.D. Okla. Sept. 26, 1995)). The court counted the dismissal for failure to state a claim in the instant case as the third "prior occasion" under § 1915(g).

Mr. Dubuc has now filed a motion to proceed in forma pauperis in this court, and we grant it. In Jennings v. Natrona County Dentention Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999), we ruled that a district court's dismissal of a claim does not count as a "prior occasion" under § 1915(g) until the defendant has waived or exhausted his right to appeal the dismissal order. Because Mr. Dubuc had not waived or exhausted his right to appeal when the district court dismissed his complaint, the district court's dismissal should not have been counted as a "prior occasion." Because Mr. Dubuc did not have three "prior occasions" when he filed his appeal, he may proceed without payment of the full filing fee.

In his appellate brief, Mr. Dubuc advances several arguments as to why the district court should not have applied the doctrine of res judicata to bar his claims. He contends that the dismissal of his complaint in the earlier case was not a determination on the

4

merits. He adds that he did not receive a full and fair opportunity to litigate his claims in the earlier case because he was not allowed to amend his complaint. Finally, he argues that the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994) establishes that he should be allowed to litigate his civil rights conspiracy claim now. We are persuaded by none of these arguments.

As a general rule, res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the claim in the prior suit. See Nwosum v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997), cert. denied, 118 S. Ct. 1396 (1998). As to the third element--that the two suits must be based on the same cause of action--this circuit has applied a transactional approach. See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988) (citing Restatement (Second) of Judgments § 24 (1980)). "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." Nwosun, 124 F.3d at 1257.

Applying this analysis, we conclude that in light of Mr. Dubuc's prior action in the Northern District of Oklahoma ( Dubuc v. Tulsa County District Ct., No. 94-C-207-H,

aff'd, No. 96-5158, 1997 WL 158168 (10th Cir. Apr. 2, 1997)), the instant action is barred by the doctrine of res judicata. The instant action, like the previous one, involves the same alleged conspiracy leading to a purportedly wrongful prosecution, conviction, and sentence. The fact that Mr. Dubuc has added some additional defendants and some new allegations does not affect the res judicata analysis. See Nwosun, 124 F.3d at 1257 ("It is immaterial that the legal basis for the relief sought in the two complaints is different; it is the occurrence from which the claims arose that is central to the 'cause of action' analysis."). Moreover, Mr. Dubuc's contention that a dismissal for failure to state a claim is not a judgment on the merits is not correct. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 518 n.8 (10th Cir. 1994) ("'A ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect.'" (quoting Winslow v. Walters, 815 F.2d 1114, 1116 (7th Cir. 1987)). The arguments in his brief do not establish that he was denied a full and fair opportunity to litigate his claims in the prior case. Finally, contrary to Mr. Dubuc's contention, Heck v. Humphrey, 512 U.S. 477 (1994), although holding that certain § 1983 claims are not ripe until convictions are overturned in habeas proceedings, does not affect the finality of judgments already rendered in civil rights actions like Mr. Dubuc's.

Accordingly, we AFFIRM the district court's dismissal of Mr. Dubuc's § 1983 claim. In light of our affirmance, we note that the district court's dismissal of Mr. Dubuc's complaint for failure to state a claim now counts as a strike under 28 U.S.C. §

6

1915(g).[2]  See Jennings, 175 F.3d at 780.


Entered for the Court,


Robert H. Henry
Circuit Judge

[2]    Mr. Dubuc has filed a Request to Supplement Record on Appeal, which we deny.  He seeks to add to the record the district court's order denying his constitutional challenge to the three strikes provision of § 1915(g). Because we have granted Mr. Dubuc's motion to proceed in forma pauperis in this appeal, we need not address Mr. Dubuc's constitutional challenge here.  Moreover, as the district court noted, in White v. Colorado, 157 F.3d 1226, 1232-35 (10th Cir. 1998), cert. denied, 119 S. Ct. 1150 (1999), this circuit concluded that § 1915(g) violated neither inmates' equal protection rights nor their right to access to the courts.

7