789 F.2d 846
 Gene Kendel BRISTOL; and Fern Bristol, Plaintiffs-Appellants,
v.
FIBREBOARD CORPORATION; Owens-Corning Fiberglass
Corporation; Eagle-Picher Industries, Inc.;
Pittsburgh-Corning Corporation; Celotex Corporation; GAF
Corporation; Standard Asbestos Manufacturing and Insulation
Company; Nicolet Industries, Inc.; Keene Corporation;
Combustion Engineering, Inc.; Forty-Eight Insulation, Inc.;
Owens-Illinois, Inc.; Raymark Industries, Inc.; Flintkote
Company; Rock Wool Manufacturing Company; H.B. Fuller
Company; H.K. Porter Company; National Gypsum Co.,
Defendants-Appellees,
Johns-Manville Sales Corporation; Ryder Industries; Unarco
Industries, Inc., Defendants.
 No. 85-1974.
 United States Court of Appeals,
Tenth Circuit.
 May 2, 1986.
 
 Mark H. Iola of Ungerman, Conner & Little, Tulsa, Okl., for plaintiffs-appellants.
 Murray E. Abowitz and Mort G. Welch of Abowitz & Welch, Oklahoma City, Okl., for defendants-appellees Fibreboard Corp., Owens-Corning Fiberglass Corp., Eagle-Picher Industries, Inc., Pittsburgh-Corning Corp., Celotex Corp., Keene Corp., Owens-Illinois, Inc., Flintkote Co., Rock Wool Mfg. Co., H.K. Porter Co., and Nat. Gypsum Co.
 R. Casey Cooper and Linda Chindberg Hubble of Boesche, McDermott & Eskridge, Tulsa, Okl., for defendant-appellee GAF Corp.
 Georgiana T. Hammett, Tom L. King and Jeff R. Beeler of King, Roberts & Beeler, Oklahoma City, Okl., for defendant-appellee Standard Asbestos Mfg. and Insulation Co.
 Mike Barkley and Michele Ticknor Gehres of Barkley, Ernst, White, Hartman & Rodolf, Tulsa, Okl., for defendant-appellee H.B. Fuller Co.
 Before SEYMOUR and MOORE, Circuit Judges, and KANE, District Judge.*
 PER CURIAM.
 
 
 1
 In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.
 
 
 2
 This is an appeal from an order and judgment, both entered on June 19, 1985. The order sustained a motion for summary judgment joined in by eighteen of the twenty-one defendants who were named in the complaint. Judgment was entered in favor of the same eighteen defendants. Of the remaining three defendants named in the complaint who were not dealt with in the judgment, two of them, Johns-Manville Sales Corporation (Johns-Manville) and Unarco Industries, Inc. (Unarco), were never served with the complaint. The docket sheet of the district court reflects that the third remaining defendant Ryder Industries, Inc. (Ryder), was served with process on August 22, 1984. Subsequent to this, Ryder did not answer the complaint or join in the motion for summary judgment.
 
 
 3
 The issue presented is whether the order and judgment entered on June 19, 1985, are final in light of the fact that three of the defendants listed in the complaint are not considered in either of these documents.
 
 
 4
 The fact that Johns-Manville and Unarco were not considered in the order or judgment does not prevent the decision of the district court from being final. These unserved defendants were never made parties to this lawsuit. It was not necessary for the district court to enter an order dismissing them prior to its entry of the order and judgment. See DeTore v. Jersey City Public Employees Union, 615 F.2d 980 (3d Cir.1980); Leonhard v. United States, 633 F.2d 599 (2d Cir.1980), cert. denied, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981).
 
 
 5
 The failure of the district court to dismiss Ryder prior to the entry of the order and judgment does prevent the decision from being final and appealable. The order and judgment specifically rule in favor of every served defendant with the exception of Ryder. As such, the order and judgment do not adjudicate the plaintiffs' claims against all of the defendants who are parties to this suit.
 
 
 6
 Finality in this case is controlled by Fed.R.Civ.P. 54(b), which provides that a judgment which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is subject to revision and, therefore, is not final in the absence of a determination that "there is no just reason for delay and upon an express direction for the entry of judgment." The court's order and judgment of June 19, 1985, both lacked this Rule 54(b) certification and therefore do not constitute a final and appealable decision under 28 U.S.C. Sec. 1291. See Lamp v. Andrus, 657 F.2d 1167 (10th Cir.1981).
 
 
 7
 The plaintiffs, in their memorandum brief addressing the present jurisdictional issue, claim that the service of process on Ryder was improper and of no legal effect. They claim that the Secretary of the State of Oklahoma was served as Ryder's agent for service and that, at that time, the plaintiffs were informed that Ryder had previously filed for bankruptcy. The plaintiffs contend that the bankruptcy laws, specifically the automatic stay provision of 11 U.S.C. Sec. 362(a), prevents the service on Ryder from being effective. However, there is nothing contained in the record on appeal which substantiates this contention now raised by the plaintiffs. Therefore, this court must dismiss this appeal for lack of jurisdiction because there is no evidence to indicate that the order or judgment of the district court were final as to all parties below.
 
 
 8
 DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado, sitting by designation