**UNITED STATES COURT OF APPEALS**
__Filed 6/4/96__TENTH CIRCUIT

AART DYKHUIZEN AND CENTRAL
MACHINE, INC.,

        Plaintiffs-Appellants,

        Case No. 95-4112

v.

        (D.C. 93-C-932W)

TSUGAMI CORP. AND REM SALES, INC.,        (District of Utah)

        Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before EBEL, KELLY, and HENRY, Circuit Judges.

---

Plaintiffs-Appellants Aart Dykhuizen and Central Machine, Inc. appeal the district court's judgments dismissing their complaint against Defendants-Appellees Tsugami Corp. and REM Sales, Inc. with prejudice. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm for substantially the same reasons stated by the district court in its well-written orders accompanying the judgments at issue.

After a de novo review of the district court's dismissal of the plaintiffs' complaint, we

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

conclude, as did the district court, that the plaintiffs' claim on appeal, whether construed as one for breach of warranty or for breach of contract, is based on a sale of goods under Utah's enactment of the Uniform Commercial Code. See Utah Code Ann. § 70A-2-105(1). As such, it is time-barred by the four-year statute of limitations set forth in Utah Code Ann. § 70A-2-725. See Perry v. Pioneer Wholesale Supply Co., 681 P.2d 214, 216 (Utah 1984) ("[W]here the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations."). Thus, the district court's dismissal of the plaintiffs' complaint was proper.

Also before the court is the motion of REM Sales to dismiss the plaintiffs' appeal for lack of appellate jurisdiction. In its motion, REM Sales argues that this court lacks jurisdiction to hear the plaintiffs' appeal because claims are still pending before the district court against Defendant Alta Machine Tool. Under Bristol v. Fibreboard Corp., 789 F.2d 846 (10th Cir. 1986) (per curiam), REM Sales's motion is without merit. In Bristol, we held that the district court's failure to enter an order dismissing unserved defendants from the case prior to the entry of the judgment did not foreclose appellate jurisdiction because the unserved defendants were never made parties to the underlying district court action. Id. at 847; see also Insurance Co. of N. Am. v. Dealy, 911 F.2d 1096, 1099 (5th Cir. 1990) ("[U]nserved defendants are not parties for purposes of Rule 54(b) and a judgment does not lack the finality necessary for appeal merely because claims against unserved defendants are unresolved.").

We therefore AFFIRM the district court's dismissal of the plaintiffs' complaint against the defendants, and we DISMISS REM Sales's motion to dismiss the plaintiffs' appeal for lack of appellate jurisdiction.

The mandate shall issue forthwith.

Entered for the Court,

Robert H. Henry
Circuit Judge