**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JEROME A. CROWDER,

      Plaintiff-Appellant,

v.

PATRICK E. WHALEN, Warden USP
Florence, Colorado; TERRY
FINNEGAN, USP Florence HSA;
ROBERT WILLIAMS, USP Florence
Cheif (sic) Chief Medical Officer;
KATHLEEN HAWK, Director of
Federal Bureau of Prisons; KENNETH
MORITSUGU, Assistant Director
of Health Service Div., John and
Jane Doe 1-25,

      Defendants-Appellees.

No. 97-1019
(D.C. No. 95-M-1579)
(D. Colo.)

---

ORDER AND JUDGMENT  *

---

Before PORFILIO, KELLY, and HENRY, Circuit Judges.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jerome A. Crowder appeals from the district court's order of November 26, 1996, adopting the recommendation of the magistrate judge, dated November 8, 1996. The magistrate judge had recommended that the court 1) deny Crowder's motion for default judgment, 2) dismiss two defendants, Kathleen Hawk and Kenneth Moritsugu in their individual capacities, for lack of personal jurisdiction, and 3) quash service on the remaining defendants in both their individual and official capacities, based on various deficiencies in service. Finally, the magistrate judge recommended that the case "be remanded to the magistrate judge to facilitate service of process of those defendants over whom the Court may properly exercise jurisdiction." Rec. Vol. I, doc. 52 at 11. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. [1]

---

[1] This court initially questioned its appellate jurisdiction as to the defendants other than Hawk and Moritsugu, issuing a show cause order pursuant to Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645-46 (10th Cir. 1988) to determine if the district court's order regarding the remaining defendants was a final decision as required by 28 U.S.C. § 1291. After briefing, the jurisdictional issues were referred to this panel for disposition. Because service was not effective as to the remaining defendants, the district court was not required to enter an order disposing of the claims against them as provided in Rule 54(b). See Bristol v.

(continued...)

Crowder also challenges the district court's orders requiring him to pay a filing fee on appeal, pursuant to 28 U.S.C. § 1915(b). We review this decision only for an abuse of its discretion. See Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996). Following the district court's initial order granting Crowder leave to appeal under § 1915 and ordering him to pay an initial partial filing fee, Crowder filed a motion for reconsideration. He argued that he should be allowed to appeal without payment of the filing fee because he is handicapped and has no income. The district court determined that Crowder had shown cause for why he should not be required to pay an initial partial filing fee, but would not waive the fee payment requirement entirely. The court said it would not attempt to predict Crowder's future financial ability to pay the fee, and concluded that he remained obligated to pay the filing fee through monthly installments as provided in § 1915. Rec. Vol. I, doc. 73 at 2-3. On appeal, Crowder contends that the district court abused its discretion in this ruling, arguing again that he has no income and that requiring him to pay the fee bars his right to suit.

---

[1](...continued)
Fibreboard Corp., 789 F.2d 846, 847 (10th Cir. 1986) (per curiam); see also Insurance Co. of N. Am. v. Dealy, 911 F.2d 1096, 1099 (5th Cir. 1990) ("[U]nserved defendants are not parties for purposes of Rule 54(b) and a judgment does not lack the finality necessary for appeal merely because claims against unserved defendants are unresolved."). Therefore, the district court's order is final and we have jurisdiction to address all issues presented.

Similarly, this court issued show cause orders after Crowder's custodian failed to forward partial payment amounts pursuant to § 1915. Appellees responded, asserting that Crowder has not authorized his custodian to withdraw the partial payments from his account. Crowder's response contends that the courts may not require him to pay a fee greater than his assets and must allow him to show that any depletion of his prison account was not deliberate. He repeats his assertion that he has no income. He asks this court to waive his filing fee, or allow him to pay only a partial fee.

We agree with the district court that, on this record, Crowder should be required to pay the fee. Recent amendments to § 1915 clearly require prisoners to pay filing fees when they bring or appeal a civil action. Further, under those amendments, the monthly assessment against a prisoner's account amounts to only twenty percent of the average monthly balance in that account. Contrary to Crowder's arguments, under the provisions of § 1915, he cannot be required to pay more than he has or more than he will have in the future. Because Crowder's suit is proceeding, before both this court and the district court, assessment of the fees has not and will not constitute a bar to suit or a denial of his access to the courts. We affirm the district court's ruling that Crowder will continue to be obligated to pay the filing fee as required by § 1915.

On appeal, Crowder discusses the merits of his claims.  Because those claims have not yet been decided by the district court, however, we decline to address them here.   See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.)  , 951 F.2d 1175, 1182 (10th Cir. 1991).  We review only the decision reached by the district court in its final order.

The district court concluded that it lacked personal jurisdiction over all of the defendants in their official capacities because the Attorney General was not served, as required by Fed. R. Civ. P. 4(i)(l).  Second, the court concluded that it lacked personal jurisdiction over two defendants, Kathleen Hawk and Kenneth Moritsugu, in their individual capacities, and dismissed Crowder's claims against them.  Third, the court quashed service over the remaining defendants in their individual capacities because of infirmities in the service effected against them.  Fourth, the court remanded the case to the magistrate judge to effect proper service against those defendants over whom the court has jurisdiction.

On appeal, Crowder first asserts that the court has personal jurisdiction over defendants Hawk and Moritsugu in their individual capacities.  He alleges that Ms. Hawk visited the federal prison facility in Florence, Colorado; however, he does not say why that visit would amount to the minimum contacts needed to establish *in personam* jurisdiction against Ms. Hawk in her individual capacity. See Kuenzle v. HTM Sport-Und Freizeitgerate AG   , 102 F.3d 453, 455 (10th Cir.

1996) (holding personal jurisdiction will lie where a defendant has purposefully directed activities at residents of the forum and the litigation results from alleged injuries that arise out of those activities, or where a defendant's contacts are continuous and systematic) (citing <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985)). The remainder of Crowder's allegations deal with actions of these two defendants in their official capacities. As the district court noted, "[c]onduct of prison officials located in Colorado and undertaken within the course and scope of their employment cannot be attributed to Hawk and Moritsugu in their individual capacities for purposes of establishing minimum contacts." Rec. Vol. I, doc. 52, at 10. We agree with the district court that it lacked personal jurisdiction over defendants Hawk and Moritsugu in their individual capacities, and that any claims against these defendants in that capacity were properly dismissed.

Next, Crowder contends that the government waived its right to object to lack of personal jurisdiction because that defense was not raised in its first pleading. Our review of the record indicates that the government's response to Crowder's motion for default judgment did include defenses based on both alleged deficiencies in service against the defendants and a lack of minimum contacts by defendants Hawk and Moritsugu. Further, we agree with the district court that the court had an obligation to examine its own jurisdiction over the

parties before considering Crowder's default motion.    See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.  , 115 F.3d 767, 771-72 (10th Cir. 1997).

Crowder next argues that the district court erroneously dismissed his case for lack of jurisdiction based on the deficiencies in service on defendants.  The district court's order, however, adopted the magistrate judge's recommendation, which was not to dismiss the case for lack of jurisdiction (except as to defendants Hawk and Moritsugu in their individual capacities), but to remand the case to the magistrate judge "to facilitate service of process on those defendants over whom the Court may properly exercise jurisdiction."  Crowder's claims against defendants remain, except for those claims Crowder asserted against defendants Hawk and Moritsugu in their individual capacities. [2]

The judgment of the United States District Court for the District of Colorado is AFFIRMED, and this case is remanded to that court for further proceedings commensurate with the magistrate judge's recommendation, adopted by the district court, including proper service upon the defendants of Crowder's amended complaint.  Crowder's motion for injunctive relief is denied as moot.

---

[2]    And except for claims asserted pursuant to 28 U.S.C. § 1332, 42 U.S.C. §§ 1983 and 1988, and a claim for improper classification within the prison system.  These claims were previously dismissed by the court following a mediation hearing, which ruling Crowder does not challenge on appeal.

Entered for the Court


John C. Porfilio
Circuit Judge