F I L E D
United States Court of Appeals
Tenth Circuit

MAY 18 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK W. PARKINS; FOCUS, a
Utah Non-Profit Corporation; STEVE
HUFFMAN; TROY YOUNG; LUIS
RICO, individually, and by and on behalf
of all children of parents falsely accused
of domestic violence and all similarly
situated persons as a class,

     Plaintiffs-Appellants,

v.

KEN PATTERSON, in his official
capacity as Director of Division of Child
and Family Services and individually;
TOOELE COUNTY FAMILY
SERVICES DOMESTIC VIOLENCE
PREVENTION SPECIALIST; SALT
LAKE COUNTY FAMILY SERVICES
DOMESTIC VIOLENCE PREVENTION
SPECIALISTS,

     Defendants-Appellees.

No. 99-4144

(D.C. No. 98-CV-541-B)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined

(continued...)

Plaintiffs Frederick Parkins, Steve Huffman, Troy Young, Luis Rico, and Focus Corporation appeal the district court's dismissal of their lawsuit based on res judicata. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

The convoluted facts giving rise to this appeal involve two nearly identical actions which Plaintiffs filed in the district court. On April 11, 1997, Plaintiffs Huffman, Young, and Rico filed a complaint in federal district court against the State of Utah's (1) Cohabitant Abuse Act, Utah Code Ann. §§ 30-6-1 to 30-6-14 (1998) (the Act) and (2) Division of Child and Family Services (DCFS). Petersen v. Utah Cohabitant Abuse and Domestic Violence Act, No. 97-CV-280 (D. Utah, filed April 11, 1997). Plaintiffs sought for themselves and other men similarly situated declaratory and injunctive relief against the Act, which allegedly violated the civil rights of fathers accused of domestic violence in Utah, and against DCFS, which allegedly assisted mothers with filing protective orders under the Act.

As best we can discern from the fragmented record provided us, on April 22, 1997, Plaintiffs filed an "amended class action" complaint joining as parties to the

**(...continued)
unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(c); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

action Plaintiffs Parkins and Focus Corporation and Defendant Utah Department of Human Services (UDHS), the parent agency of DCFS. Adding to the mounting confusion, on May 5, 1997, Plaintiffs filed a first amended complaint. That same day, Defendants filed a motion to dismiss the "amended class action" complaint on the basis of Eleventh Amendment immunity. In response, on May 21, 1997, Plaintiff filed a motion for leave to file a second amended complaint seeking to add Defendants Robin Williams as Executive Director of DCFS and John and Jane Does 1-10. On June 4, 1997, Defendants objected to Plaintiffs' motion for leave to amend. On October 1, 1997, the district court allowed Plaintiffs' motion for leave to file a second amended complaint "with modifications," and on October 24, 1997, Plaintiffs filed their fourth complaint.

The record suggests Defendants again moved to dismiss the complaint for failure to state a claim, asserting, among other things, that Plaintiff had mistakenly named Robin Williams as Executive Director of DCFS, instead of Ken Patterson, DCFS's actual director, and in any event, further amendment to the complaint would be futile. Predictably, Plaintiffs' sought to file a third amended complaint and their fifth complaint overall. The district court held a hearing on July 27, 1998, and on August 27, 1998 entered a written order denying Plaintiffs' motion to file a third amended complaint as futile and dismissing their action with prejudice.

Instead of appealing the dismissal of their first action, Plaintiffs refiled their suit in district court. Four days after the hearing and nearly one month prior to the district

3

court's written dismissal of their prior action, the same Plaintiffs filed the present action. Parkins v. Graham, 98-CV-541 (D. Utah, filed July 31, 1998). Plaintiffs' factual allegations and legal claims in their new lawsuit are essentially the same as those in their prior action. Instead of suing UDHS, DCFS, and the Act, however, this time Plaintiffs named as Defendants Jan Graham, Utah Attorney General; Michael Leavitt, Governor of Utah; Ken Patterson, DCFS Executive Director; Family Services Domestic Violence Prevention Specialists for Tooele County and Salt Lake County; and John and Jane Does 1-10.

On September 11, 1998, Defendants filed a motion to dismiss Plaintiffs' new complaint. In their supporting memorandum of law, Defendants raised, among other things, the defense of res judicata. Apparently recognizing their quandary, Plaintiffs, on September 28, 1998, further tangled the web by filing a Rule 60(b) motion in Case No. 98-CV-541 to set aside the judgment in Case No. 97-CV-280. See Fed. R. Civ. P. 60(b). On September 30, 1998, the district court denied Plaintiffs' motion to set aside the judgment in Case No. 98-CV-280. Plaintiffs did not appeal the denial of their Rule 60(b) motion.

Rather, on October 28, 1998, Plaintiffs voluntarily dismissed Defendants Graham and Leavitt from Case No. 98-CV-541 with prejudice. Nearly nine months later and after more legal wrangling, the district court, on June 10, 1999, entered a written order dismissing the entire action with prejudice. That order read:

4

At a hearing on July 27, 1998, this Court dismissed with prejudice the case of <u>Parkins v. Utah Division of Child and Family Services</u>, No. 2:97-CV-280B. At that time, the Court also denied plaintiff's motion to amend their complaint to add Robin A. Williams, the Executive Director of the Department of Human Services, the parent agency of the Division of Child and Family Services ("DCFS"), and Ken Patterson, the current Director of DCFS, as defendants.

Plaintiffs filed the instant case on July 31, 1998, raising the same claims that had previously been dismissed and naming the Governor of Utah, the Utah Attorney General, and the Director of the DCFS as defendants. In response to defendants' motion to dismiss, plaintiffs voluntarily dismissed with prejudice the Governor and Attorney General as defendants. Plaintiffs oppose, however, the dismissal of defendant Ken Patterson. Realizing that the dismissal with prejudice in the prior case, No. 2:97-CV-280B, bars the present lawsuit against defendant Patterson, plaintiffs sought to have the dismissal set aside pursuant to FRCP 60(b). On September 30, 1998, the Court denied plaintiffs' motion to set aside the dismissal. Accordingly, plaintiffs are barred from proceeding against Ken Patterson or the DCFS.

This time, Plaintiffs appealed. The narrow question before us is whether the district court properly dismissed Plaintiffs' second action as barred by res judicata.

II.

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c). A defendant has the burden of setting forth facts sufficient to satisfy the elements of the defense. <u>Nwosun v. General Mills Restaurants, Inc.</u>, 124 F.3d 1255, 1257 (10th Cir. 1997). Where, as here, the facts are not in dispute, we review the district courts' application of res judicata principles de novo. <u>See</u> <u>id.</u> Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action." <u>Satsky v. Paramount Communications, Inc.</u>, 7 F.3d 1464, 1467 (10th Cir. 1993). Application of the

5

doctrine relieves parties of the cost and vexation of multiple lawsuits, conserves

judicial resources, prevents inconsistent decisions, and encourages reliance on

adjudication.  Id.

> In determining the validity of a plea of res judicata three questions are
> pertinent: Was the issue decided in the prior adjudication identical with
> the one presented in the action in question?  Was there a final judgment
> on the merits?  Was the party against whom the plea is asserted a party
> or in privity with a party to the prior adjudication?

Northern Natural Gas Co. v. Grounds, 931 F.2d 678, 682 (10th Cir. 1991) (quoting

Bernhard v. Bank of America Nat'l Trust & Sav. Ass'n, 122 P.2d 892, 895 (Cal.

1942) (per Traynor, J.)).

In this case, Plaintiffs do not contest (nor could they) that the district court's

dismissal of Case No. 98-CV-280 with prejudice was on the merits.  Nor do they

argue that the claims alleged in their second suit differ in any significant way

from those alleged in their first suit.  Finally, Plaintiffs do not suggest they lacked

an opportunity to litigate their claims in the first suit due to some fundamentally

unfair deficiency in that proceeding.  See Nwosun, 124 F.3d at 1257.  Rather,

Plaintiffs' argument is simple:  "None of the Defendants in Plaintiffs' second

complaint were named in their first complaint, nor were any of the Defendants in

the first complaint named in the second, so dismissal with prejudice of the first case

has no res judicata effect on the Defendants in the second action."  Aplts' Br. at 6.

Despite Plaintiffs' simplistic approach, the principles of res judicata do not

6

require that one be a party to prior litigation to use it as a shield against subsequent litigation.  See Richards v. Jefferson County, 517 U.S. 793, 798 (1996).  So long as (1) the party against whom res judicata is being asserted was a party or in privity with a party in the prior action,(2) the issues in the two actions are the same, (3) the prior action ended with a judgment on the merits, and (4) the party had a sufficient motive to litigate the issues in the prior action, res judicata may be asserted against the party who suffered the adverse ruling in the prior action.  See Clough v. Rush, 959 F.2d 182, 186-88 (10th Cir. 1992).

Applying these precepts, we have little difficulty concluding that res judicata bars Plaintiffs' second lawsuit.  The Plaintiffs and the issues are the same in both lawsuits. Importantly, the first action ended with a judgment on the merits.  While Plaintiffs' point out that Defendant Ken Patterson, DCFS Executive Director, was never actually a Defendant in the first suit, the Plaintiffs moved to amend their complaint to join him as a Defendant.  The district court denied the motion as "futile for the reasons explained in Defendant's Memorandum in Opposition to Plaintiff's Motion to Amend Complaint." Defendant's memorandum stated that the motion was futile because Ken Patterson was entitled to qualified immunity and Plaintiffs failed to state a cause of action for injunctive relief.  Thus, when the district court agreed with Defendant's memorandum, the court made a determination on the merits and dismissed the suit.  Plaintiffs' remedy was to appeal, not file a new action in the district court.  Similarly, when the district court denied

7

Plaintiffs' Rule 60(b) motion, Plaintiffs' remedy was to appeal, not continue pursuing their second action.

Clearly, the district court's denial of the motion to amend the complaint in the first action to add Ken Patterson as a Defendant was a denial on the merits in a suit in which Plaintiffs were parties.[1]  See Landscape Properties, Inc. v. Whisenhunt, 127 F.3d 678, 683 (8th Cir. 1997) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.").  Accord Efco Corp. v. U.W. Marx, Inc., 124 F.3d 394, 399-40 (2d Cir. 1997).  The issues decided in the prior adjudication are identical to those presented in the current action, and Plaintiffs had every motive to pursue vigorously those issues in the prior action.  See Northern Natural Gas, 931 F.2d at 682.  Accordingly the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[1]  Neither side explains exactly who are the Tooele and Salt Lake Counties' Domestic Violence Prevention Specialists or John and Jane Does 1-10, although they are named Defendants in Plaintiffs' second action,.  Because these parties appear never to have been served in the district court, we do not consider them actual parties to the lawsuit.  See Bristol v. Fibreboard Corp., 789 F.2d 846, 847-48 (10th Cir. 1986).  Thus, the district court did not have to enter an order dismissing them prior to its entry of final judgment.  Id.