**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 8 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFF DWIRE,

      Plaintiff-Appellant,

v.

RICHARD TOTH, Judge;
KATHERINE CRAGO; SYLVIA
XANDERSON; COLORADO
DIVISION OF CHILD SUPPORT
ENFORCEMENT,

      Defendants-Appellees.

No. 02-1150
(D.C. No. 01-K-2186)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **HENRY** , and **MURPHY** , Circuit Judges.


      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Dwire, proceeding pro se, brought this civil-rights action in district court under 42 U.S.C. § 1983 challenging the constitutionality of Colorado state paternity and child-support statutes and court procedures. The complaint alleged that defendant Richard Toth, a state-court judge, had violated Mr. Dwire's constitutional right to due process of the law by making deliberately erroneous evidentiary rulings and also by ordering an excessive amount of child support. As for named defendants Katherine Crago and Sylvia Xanderson (employees of the defendant Colorado Division of Child Support Enforcement), the body of the complaint included no allegations against them. Defendant Division of Child Support Enforcement was never served with a summons and complaint. [1]

After conducting a hearing on dispositive motions filed by defendants Crago, Xanderson, and Toth, the district court dismissed the entire action and awarded costs to Judge Toth. The court held that the claims against Judge Toth were barred under the doctrine of *res judicata*, in that plaintiff had made similar claims which were dismissed in an earlier federal action, *Dwire v. Maximus, Inc.*,

---

[1] From Mr. Dwire's initial filing on appeal it appeared that claims against the Colorado Division of Child Support Enforcement had not been adjudicated. In order to clarify the status of this defendant, this court issued an order requiring Mr. Dwire to file either a final judgment or a certification under Fed. R. Civ. P. 54(b). Mr. Dwire did not respond to the order. Because the Division was not served, however, the district court was not required to enter an order disposing of the claims as provided in Rule 54(b). *See Bristol v. Fibreboard Corp*, 789 F.2d 846, 847 (10th Cir. 1986). Accordingly, we have jurisdiction over this appeal.

No. 99-S-2476 (D. Colo. Apr. 6, 2000). *See Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (stating that, "[u]nder res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action") (quotation omitted). In the previous action, the court had found that Mr. Dwire's claims amounted to a jurisdictionally-barred attempt to appeal a final decision of the state court ordering him to pay child support. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (holding that a federal district court has no authority to review final judgments of a state judicial proceedings). Accordingly, in this action the court awarded costs "as a sanction against Plaintiff for filing a repetitive action asserting claims . . . that have already been dismissed by another judge of this court." R., tab 16, at 2.

Additionally, the court dismissed claims against defendants Crago and Xanderson under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Because the complaint set forth no allegations of misconduct specific to them, Mr. Dwire failed to allege the necessary personal involvement required for liability under § 1983. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (holding that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation").

Finally, the court ruled that Mr. Dwire's constitutional challenge to Colorado's laws was subject to dismissal. He had failed to respond to defendants' motion to dismiss, thus leaving unrebutted the presumption that a state statute is constitutional. *See Eaton v. Jarvis Prods. Corp.*, 965 F.2d 922, 929 (10th Cir. 1992).

Mr. Dwire has appealed the district court 's ruling. We review the court's dismissal de novo, accepting "all well-pleaded factual allegations . . . as true," and affirming only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quotation omitted). After a careful review of the record, we affirm the dismissal of this action for substantially the same reasons set forth in the district court's order dated February 28, 2002.

Additionally, we review all aspects of the district court's sanction determination under an abuse of discretion standard. *See Coffey v. Healthtrust,*

*Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992).  We find no abuse of discretion in the assessment of costs against Mr. Dwire.

AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge