**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HOWARD E. McBRIDE,

      Plaintiff-Appellant,

v.

JOSEPH GALLEGOS, JR.,

      Defendant-Appellee,

and

AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY;
DAVID PENA,

      Defendants.

No. 02-4216
(D. Utah)
(D.C. No. 2:01-CV-979-DAK)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Howard E. McBride, acting *pro se*,[1] appeals the dismissal of his Title VII[2] discrimination claim against Mr. Joseph Gallegos, Jr., the director of a state agency. The district court dismissed the complaint based on quasi-judicial immunity, qualified immunity for government officials, and failure to state a claim under Title VII. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 (2002), we affirm.

While employed by American Express Travel Related Services Company ("American Express"), Mr. McBride filed a discrimination complaint[3] against his employer with the Utah Division of Antidiscrimination and Labor ("the Division"). His employment was terminated, according to him, when American Express received notice that his discrimination claim would be investigated by the Division. Following his termination, Mr. McBride amended his complaint with the Division alleging retaliatory discharge. The Division investigated, found no discrimination, and on May 22, 2001, the director, Mr. Gallegos, issued a

---

[1]We liberally construe Mr. McBride's *pro se* pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

[3]Mr. McBride charged his employer with discriminatory conduct based on age, sex, and disability.

Determination and Order dismissing Mr. McBride's complaint.

On December 10, 2001, Mr. McBride brought a Title VII discrimination complaint in federal district court against American Express and the Division, alleging violations of his civil rights. The Division moved to dismiss the claim against it because it was not Mr. McBride's employer, the proper defendant under Title VII, and based on Eleventh Amendment immunity. The district court dismissed the complaint against the Division on April 10, 2002, but allowed Mr. McBride the opportunity to amend.

In his amended complaint, Mr. McBride named the Division director, Mr. Gallegos, as a defendant.[4] Mr. Gallegos filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The district court granted the motion on September 13, 2002, based on quasi-judicial immunity, qualified immunity for government officials, and failure to state a claim under Title VII. On September 24, 2002, the district court granted Mr. Gallegos's Motion for Rule 54(b) Certification, directing entry of final judgment and dismissing with prejudice all claims against him. Mr. McBride's suit against American Express continues in the district court.

Mr. McBride appeals the dismissal of his complaint against Mr. Gallegos.

---

[4]His amended complaint also named Mr. David Pena as a defendant. Mr. Pena was the Division employee who investigated Mr. McBride's discrimination charge. Mr. Pena was not served in this action, and thus is not a party to the lawsuit. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847-48 (10th Cir. 1986).

As best we understand his arguments, he claims (1) the district court erred in concluding Mr. Gallegos was entitled to immunity, and (2) the Division investigation, performed under the direction of Mr. Gallegos, denied Mr. McBride due process rights.[5]

We review de novo a dismissal for failure to state a claim upon which relief can be granted. *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). After a careful review of the record and applicable law, we agree with the district court's thoughtful decision.[6]

First, Mr. Gallegos is immune from suit under the doctrine of absolute quasi-judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978). As director of the Division he has adjudicatory responsibilities, in that he "is empowered to conduct hearings and issue written decisions in discrimination cases." *McBride v. American Express*

---

[5]Mr. McBride presents a litany of other issues for review, including abuse of governmental power, unjust outcome at the trial court, uneven enforcement of the Antidiscrimination statute, inappropriate judgment for dismissing all claims against Mr. Gallegos with prejudice, condoning a cover-up of a corrupt legal process, bias in the trial court against Mr. McBride, and substitution of the trial court's own theories in place of documentary evidence. Each of these allegations is subsumed in the broader contention that the district court erred in granting Mr. Gallegos's Motion to Dismiss. As such, these secondary issues will only be discussed to the extent they are relevant to the broader issue of proper dismissal of a named defendant. Most are not discussed because they are frivolous.

[6]*See McBride v. American Express Travel*, 2:01-CV-979K (D. Utah Sept. 13, 2002).

*Travel*, 2:01-CV-979K (D. Utah Sept. 13, 2002) (citing Utah Code Ann. §§ 34A-5-104(4)(b), 34A-5-107(4)(b), 34A-5-107(4)(c).  He employed these adjudicatory responsibilities when he issued the Determination and Order dismissing Mr. McBride's complaint.

Second, he is also protected under the doctrine of qualified immunity, which shields government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Mr. McBride argues Mr. Gallegos violated his due process rights by failing to conduct a thorough, impartial investigation prior to dismissing his complaint.  Like his complaint, his arguments are verbose, but imprecise.  He has not alleged specific facts, only unsupported conclusory statements that fail to detail how Mr. Gallegos violated his constitutional rights, and he fails to explain how Mr. Gallegos would have known his conduct was contrary to clearly established statutory or constitutional rights.[7]

---

[7]"[W]hen the plaintiff is proceeding pro se, we must construe [his] pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. This court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotation marks and citations omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . .  Moreover, in analyzing the sufficiency of the [pro se] plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual

Finally, all Title VII claims brought against Mr. Gallegos must fail as a matter of law because Title VII creates a private right of action against employers who allegedly performed unlawful employment practices.  *See Haynes v. Williams,* 88 F.3d 898, 899-901 (10th Cir. 1996).  Mr. Gallegos was not Mr. McBride's employer.

Accordingly, we **AFFIRM** the dismissal of Mr. McBride's complaint against Mr. Gallegos for substantially the same reasons articulated by the district court.

> **Entered by the Court:**
>
> **TERRENCE L. O'BRIEN**
> United States Circuit Judge

---

contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).