**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARYL S. BOOHER,

        Plaintiff-Appellant,

v.

(FNU) TREXLER; (FNU)
TROWBRIDGE, Correctional Officers,
Lansing Correctional Facility, in their
official and individual capacities,

        Defendants-Appellees.

No. 10-3065

(D. Kansas)

(D.C. No. 5:08-CV-03056-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the parties' briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist in the

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Daryl Booher, a Kansas state inmate, was injured by an unknown assailant while incarcerated at the Lansing Correctional Facility. He thereafter filed a 42 U.S.C. § 1983 civil rights action against multiple defendants, asserting the defendants' failure to protect him violated his Eighth Amendment rights. The district court dismissed Booher's claim against the Kansas Department of Corrections, concluding it was barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The district court dismissed Booher's claims against Roger Werholtz, the Secretary of Corrections for the State of Kansas, and David McKune, Warden of the Lansing Correctional Facility, because Booher had not asserted either had personally participated in the alleged deprivation of his constitutional rights. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Finally, the district court granted summary judgment in favor of Correctional Officer Jerry Trexler.[1] The district court concluded Booher had not filed his suit within the applicable statute of limitations. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994) (holding an action filed pursuant to § 1983 is subject to the limitations period for a personal injury action in the state in which the action arose); Kan. Stat. Ann. § 60-513(a) (providing a two-year limitations period for an "action for injury to the rights of another, not arising on contract,

---

[1]Booher's complaint also raised claims against Correctional Officer Trowbridge. Because, however, Officer Trowbridge was never served, he never became a party to this lawsuit. *Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986).

and not herein enumerated").  Furthermore, the district court ruled in the alternative that Booher had not exhausted his administrative remedies.  42 U.S.C. § 1997e(a).

Booher appeals, challenging only the district court's resolution of his claims against officer Trexler.  This court reviews a grant of summary judgment de novo, applying the same standard as the district court.  *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1184 (10th Cir. 2010).  Upon de novo review, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court affirms the district court's conclusion that Booher's § 1983 claim against Officer Trexler was not timely filed.  In so doing, this court sees no need to repeat the cogent analysis set out in the district court's order dated March 4, 2010.[2]  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[2]This court's affirmance of the district court's statute-of-limitations ruling makes it unnecessary to address the question of exhaustion.  *See Woodford v. Ngo*, 548 U.S. 81, 101 (2006) (holding that § 1997e is not jurisdictional and does not prevent courts from dismissing "plainly meritless" claims on the merits).