**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

NATHAN J. SMITH; HOLLY M. SMITH,

    Plaintiffs - Appellants,

v.

SHERIFF'S OFFICE; NICOLE BRIGGS;
KOPP; JASON SAWYER, SGT;
WILLIAM PERRY; GRAND JUNCTION
POLICE DEPARTMENT; MESA
COUNTY SHERIFF; MATTHEW
BARRETT; MICHAEL GRATTEN;
FLYNN; BRAUHM; DISTRICT
ATTORNEYS OFFICE; TEARSA
OLSEN, individually and DDA & 25 other
agents, unknown identities or positions &
all participating police, unknown Identities
& all other divisions that failed to comply
with their positions/responsibilities,

    Defendants - Appellees,

and

WCDTF; GJPD; THE SWAT TEAMS;
TASK FORCES, both Sheriff's and GJPD
task forces, SWAT teams; CBI; FEDERAL
BUREAU OF INVESTIGATION; DRUG
ENFORCEMENT ADMINISTRATION,
25 other agents, all participating police,
specific officers; BRECHLIN; ERICK
OLSEN; JIM FOGG, LTN; RICHARD
TAFOYA; PRUNTY, SGT; COREY
DILKA; BRIAN PRATTY; CARP,
Deputy; DAVE SANDERS; DOHENY;
SANDELL; RAY; HANSEN; K STUCK;
LINDSAY; TRAVIS PECK; EVERETT
BLANCK; STODDER, Deputy;

No. 25-1076
(D.C. No. 1:23-CV-01738-CNS-SBP)
(D. Colo.)

ROSALES, and her partner an African-American male; RUMBAUGH; JACOB EDMISTON; DA; DAN RUBENSTEIN; RICH TUTTLE; JENNIFER SPRINGER; WESTERN SLOPE DRUG TASK FORCE; MESA COUNTY SHERIFFS DRUG TASK FORCE; MESA COUNTY SWAT TEAM; MESA COUNTY UAV DIVISION; DAVE RANDALL; RICK TAFT; ERIC SPERBER, Lt.; GJPD INVESTIGATIONS DIVISION; JIM FULLER, Sgt.; CRIMES AGAINST PROPERTY DIVISION; CRIMES AGAINST PERSONS DIVISION; BATTLEWEST DIVISION; EVIDENCE DIVISION; MARIJUANA CODE ENFORCEMENT DIVISION; ADA COORDINATOR OF MESA COUNTY; CBI MARIJUANA DIVISION; VALARIE ROBISON; DANIEL RUBENSTEIN, DA; JENNIFER SPRINGER, SDDA; RICHARD TUTTLE, SDDA,

Defendants.

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

Nathan J. Smith and Holly M. Smith, proceeding pro se, appeal from the district court's denial of their motion to extend their time to appeal from the dismissal of their civil rights suit. We dismiss this appeal for lack of jurisdiction because the Smiths failed to file a timely notice of appeal.

## BACKGROUND

The Smiths filed a civil rights suit against numerous defendants in 2023. They served some, but not all, of the defendants with process. Defendants who had been served filed motions to dismiss, which the district court granted on September 9, 2024. The district court entered a separate final judgment that same day.

The Smiths did not file a notice of appeal until December 11, 2024. This court assigned that appeal No. 24-1490. On December 16, 2024, this court dismissed No. 24-1490 for lack of jurisdiction because the notice of appeal was untimely. *See Smith v. Sheriff's Office*, No. 24-1490, 2024 WL 5711342, at *1 (10th Cir. Dec. 16, 2024) (unpublished).

On January 22, 2025, the Smiths filed in the district court a request to reopen the time to file an appeal or to file an untimely appeal. The district court denied relief on January 28, 2025. Construing the motion as one under Fed. R. App. P. 4(a)(5)(A), the district court held the Smiths filed their motion too late. *See* Fed. R. App. P. 4(a)(5)(A)(i) (providing that a party must move to extend the time to file an appeal "no later than 30 days after" the applicable appeal period). The district court further held the Smiths failed to establish excusable neglect or good cause, as required by Fed. R. App. P. 4(a)(5)(A)(ii).

3

On March 3, 2025, the district court filed the Smiths' notice appealing the January 28 decision. Noting the notice was filed more than 30 days after the district court's order, this court directed the Smiths to submit a memorandum brief addressing timeliness. The Smiths responded. The timeliness issue was referred to the panel assigned to hear the appeal, and the parties then submitted merits briefs.

## DISCUSSION

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "As [the Supreme Court has] long held, when an appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction." *Id.* at 213 (internal quotation marks omitted). Accordingly, "[w]e 'routinely and uniformly dismiss untimely appeals for lack of jurisdiction.'" *Bunn v. Perdue*, 966 F.3d 1094, 1097 (10th Cir. 2020) (quoting *Bowles*, 551 U.S. at 210). Because the Smiths have not shown their notice of appeal was timely, we do not reach the merits and instead dismiss this appeal for lack of jurisdiction.

Generally in a civil case a party must file a notice of appeal within 30 days. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). The Smiths did not meet this time limit. Because the district court denied their motion on January 28, 2025, the thirty-day appeal period expired on Thursday, February 27, 2025.[1] The district court

---

[1] The Smiths incorrectly posit that February 28 was the deadline. The first day to be counted is the day after the order is entered. *See* Fed. R. App. P. 26(a)(1)(A). Starting January 29, the thirtieth day is February 27.

filed the Smiths' notice of appeal on Monday, March 3. The Smiths suggest they were trying to upload documents on February 27, but that the uploading did not complete until 12:10 a.m. on Friday, February 28. *See* Aplts. Juris. Br., Doc. 13-2 at 9. They also state they filed a notice of appeal at 7:10 p.m. on February 28, after the court's business hours. *See id.*; *see also id.*, Doc. 13-1 at 1. Under either scenario, however, the Smiths fail to show they filed a notice of appeal on or before the deadline of February 27, 2025.

An exception to the general rule allows any party 60 days to appeal if the United States, a United States agency, or a United States employee is "one of the parties." § 2107(b); Fed. R. App. P. 4(a)(1)(B). The Smiths invoke this provision, asserting the 60-day appeal period applies because United States agencies and employees were parties to this litigation.

Assuredly, the caption of the fourth amended complaint named as defendants two federal agencies as well as unknown federal employees. Inclusion in the caption, however, is of no avail to plaintiffs. *See U.S. ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 935 (2009) ("A person or entity can be named in the caption of a complaint without necessarily becoming a party to the action."). The Smiths have not shown they ever served any of the federal defendants,[2] and we do not consider an

---

[2] One of the agencies named in the caption was the Federal Bureau of Investigation (FBI). In their response to this court's jurisdictional order, the Smiths state "the served papers . . . were dropped off at the FBI [office in] Grand Junction . . . . The federal defendants[] failed to appear, failed to respond to a summons, and failed to defend themselves." Aplts. Juris. Br., Doc. 13-2 at 11; *see also id.* at 12 ("Bottom line is that the federal defendants . . . failed to respond to a summons.").

unserved defendant to be a party, *see Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir. 1986) (per curiam).

The Smiths' notice of appeal was due on February 27, 2025.[3]  Because they failed to file their notice of appeal on or before that date, their appeal is untimely and we lack jurisdiction to consider it.

## CONCLUSION

We dismiss the appeal for lack of jurisdiction.  We grant the Smiths' motion to proceed without prepayment of fees and costs.  We deny as moot the Appellees' motion to strike the Smiths' opening brief.

Entered for the Court

Carlos F. Lucero
Senior Circuit Judge

---

The quoted assertions are not a proper proof of service, and nothing we can do can construe them as such.  The district court's docket does not reflect service on any federal defendant, and our careful review does not reflect such service.

[3] To the extent the Smiths request this court create or apply an equitable exception to the filing deadline, *see, e.g.*, Aplts. Juris. Br., Doc. 13-2 at 10 (asking "for a mistake exception to the rules" as a "remedy for all of us [court and parties] being in the wrong"); *id.* at 17 ("request[ing] special permission from the court of appeals"), we do not have the ability to do so.  *See Bowles*, 551 U.S. at 214 (recognizing courts have "no authority to create equitable exceptions to jurisdictional requirements").