**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1997**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

## UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

BEN NWOSUN,

       Plaintiff-Appellant,

v.

GENERAL MILLS RESTAURANTS,
INC.,

       Defendant-Appellee,

No. 96-6309

---

Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. No. CIV-96-2026-M)

---

Ben Nwosun, Pro Se.

Thomas L. Henderson and Thomas H. Lawrence, of McKnight Hudson Lewis
Ford & Harrison LLP, Memphis, Tennessee, for Defendant/Appellee.

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

Ben Nwosun appeals from the summary judgment granted in favor of General Mills Restaurants, Inc., holding Mr. Nwosun's claim barred by res judicata. We affirm.[1]

On June 16, 1995, Mr. Nwosun filed a retaliatory discharge claim in Oklahoma state court (Nwosun I) against General Mills. Four days later he filed a race discrimination claim under Title VII in federal district court (Nwosun II) based on his discharge. General Mills applied for a stay in Nwosun I until Nwosun II was resolved. Summary judgment was entered for General Mills in Nwosun II due to Mr. Nwosun's failure to file a charge of discrimination with the EEOC within the statutorily required time limit, 42 U.S.C. § 2000-5(e)(1). He appealed that decision and this Court affirmed on that basis. Nwosun v. General Mills Restaurants, Inc., No. 95-6375, 1996 WL 195298 (10th Cir. Apr. 19, 1996).

On December 14, 1995, Mr. Nwosun amended his state court complaint in Nwosun I to include the Title VII allegation. General Mills then removed the suit to federal district court, which held the Title VII suit barred by res judicata on the basis of Nwosun II. The court also held the state law claim barred since it could have been raised as supplemental along with the Title VII claim in Nwosun II. It is from this holding that Mr. Nwosun appeals.

---

[1]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.

Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements. See Fed. R. Civ. P. 8(c); United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3rd Cir. 1984); Owens v. Sun Oil Co., 482 F.2d 564, 567 (10th Cir. 1973). Where the facts are not in dispute, we determine *de novo* whether the district court correctly applied the substantive law of res judicata. See May v. Parker-Abbott Transfer & Storage, Inc., 899 F.2d 1007, 1009 (10th Cir. 1990).

Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit. See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975 F.2d 683, 686 (10th Cir. 1992).

The basis of the summary judgment in Nwosun II was Nwosun's failure to timely file a charge of discrimination with the EEOC. This filing requirement constitutes a statute of limitation for all Title VII claims. See Zipes v. Transworld Airlines, 455 U.S. 385, 393 (1982). A judgment for failure to comply with the statute of limitations is a judgment on the merits, thereby satisfying element one. See Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128-29 (10th Cir.

1991).  Since this suit involves the same parties as Nwosun II, the second element requiring an identity of parties is satisfied as well.

The third element requires that the suits be based on the same cause of action.  This circuit embraces the transactional approach to the definition of "cause of action."  See Petromanagement Corp. v. Acme-Thomas Joint Venture, 835 F.2d  1329, 1335 (10th Cir. 1988) (citing Restatement of Judgments § 24 (1980)).[2]  Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.  See, e.g., Clark v. Haas Group, Inc., 953 F.2d 1235,  1238-39 (10th Cir. 1992); May, 899 F.2d at 1009; Jarrett v. Gramling, 841 F.2d 354, 357-58 (10th Cir. 1988).  Mr. Nwosun's discharge from employment is the transaction giving rise to the two complaints involved here.  It is immaterial that the legal basis for the relief sought in the two complaints is different; it is the occurrence from which the claims arose that is central to the "cause of action" analysis.   Since Nwosun I and Nwosun II both arise from plaintiff's discharge, they are based on the same cause of action.

---

[2]Oklahoma, from which this case was removed, also adheres to the transactional approach in a res judicata analysis.  See Retherford v. Halliburton Co., 572 P.2d 966, 968-69 (Okla. 1978).  Accord Chandler v. Denton, 741 P.2d 855, 862 (Okla. 1987).

Res judicata further requires that the party had a full and fair opportunity to litigate the claim in the prior suit. See Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1520 (10th Cir. 1990) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 481, n. 22 (1982)). A failure of this type is evidenced by "a deficiency that would undermine the fundamental fairness of the original proceedings." Petromanagement, 835 F.2d at 1334. The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties. See Sil-Flo, 917 F.2d at 1521.

When a federal claim is disposed of pretrial, any supplemental state claims are generally dismissed without prejudice. See Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995). If Mr. Nwosun had alleged both theories of recovery in Nwosun II, his suit would have been in precisely this posture since the federal claim was disposed of by summary judgment. His state retaliatory discharge claim would therefore have been ripe for dismissal without prejudice. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). This is a procedural limitation that arguably could have affected Nwosun's ability to litigate his state claim in Nwosun II.

However, the district court retains the discretion to exercise jurisdiction over the supplemental claim after pretrial adjudication of the federal claim. See

Thatcher Enter. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990). See also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Carnegie-Mellon, 484 U.S. at 350 n.7 (1988). It would be pure speculation to conclude that the district court would not have exercised its jurisdiction over the state claim had it been brought in the federal action.

One of the main policy considerations underlying res judicata is the interest in bringing litigation to an end. "By preventing repetitious litigation, application of res judicata avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." May, 899 F.2d at 1009. If we were to participate in the speculative gymnastics required to determine whether a federal court would or would not have exercised its supplemental jurisdiction over a state claim never brought, we would be doing disservice to the policy considerations res judicata protects. See RESTATEMENT SECOND OF JUDGMENTS, 1981, § 25 comment § e and Reporter's Note; 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4412 at 95-96 (1981). We are persuaded that uncertainty over whether a federal court would have exercised pendant jurisdiction does not justify a conclusion that a plaintiff was denied a full and fair opportunity to litigate a claim. See, e.g., Brown v. Federated Dep't Stores, Inc., 653 F.2d 1266, 1267 (9th Cir. 1981) (where it is not clear the district court would have declined jurisdiction over the supplemental

state claims, they are barred by res judicata); <u>Lee v. Village of River Forest</u>, 936 F.2d 976, 980 (7th Cir. 1991) (plaintiff must bring all federal and state claims in original federal suit or be barred from subsequent litigation in state court). <u>Cf.</u> <u>Jones v. Holvey</u>, 29 F.3d 828, 832 (3rd Cir. 1994) (res judicata does not apply where a court having jurisdiction would clearly have declined to exercise it) (applying New Jersey law).

We have found nothing under the Oklahoma law of res judicata to convince us that Oklahoma would have permitted Mr. Nwosun to proceed with <u>Nwosun I</u> after the same cause of action was dismissed in <u>Nwosun II</u> had these state law claims remained in state court. Since Mr. Nwosun failed to assert his state retaliatory discharge claim under the federal court's supplemental jurisdiction in <u>Nwosun II</u>, we conclude the district court correctly held him barred by the doctrine of res judicata from litigation of that claim in <u>Nwosun I</u>.

The judgment of the district court is **AFFIRMED**.