**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID WORKMAN,

      Plaintiff-Appellant,

v.

ROY ROMER, Governor; ARISTEDES
ZAVARAS, Department of Corrections
Executive Director; BRAD ROCKWELL,
Department of Corrections Legal Access
Director; CATHIE DALTON, Legal Access
Program Employee; KATHLEEN BAXTER,
Legal Access Program Employee;
REGINALD SHOCKLEY, Legal Access
Program Employee, all in their official and
individual capacities,

      Defendants-Appellees.

No. 96-1479
(D.C. No. 95-N-311)
(D. Colo.)

**ORDER AND JUDGMENT**\*

Before **SEYMOUR**, Chief Judge, **BRORBY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

---

\*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

David Workman, a prisoner incarcerated at the Limon Correctional Facility in Colorado, brought this pro se action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated due to defendants' refusal to photocopy a legal document exceeding the thirteen-page limit then imposed by prison regulations. The district court dismissed Mr. Workman's appeal on three grounds: 1) defendants' actions did not impede Mr. Workman's access to the courts; 2) Mr. Workman's complaint failed sufficiently to allege personal participation on the part of the named defendants; and 3) an identical complaint was previously dismissed by the district court barring Mr. Workman's claims in the instant action under the doctrine of res judicata. Mr. Workman subsequently filed a notice of appeal and moved that he be allowed to proceed in forma pauperis under 28 U.S.C. §1915(b) and Fed. R. App. P. 24. The district court denied the motion, finding that the appeal was not taken in good faith. Mr. Workman now appeals the district court's orders.[1]

On July 17, 1995, the district court dismissed an action filed by Mr.

---

[1]The district court entered its order on September 24, 1996. Mr. Workman filed a timely appeal. Subsequent proceedings in the appeal were delayed because of an incorrect mailing address for Mr. Workman.

Workman in which the complaint was identical to the one at issue here.  See

Workman v. Romer, Civil Action No. 95 N 210 (D. Colo. Jul. 17, 1995).  The

doctrine of res judicata bars the relitigation of all claims that were or could have

been advanced in a prior proceeding.  See Nwosun v. General Mills Restaurants,

Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).

> Res judicata requires the satisfaction of four elements: (1) the prior
> suit must have ended with a judgment on the merits; (2) the parties
> must have been identical or in privity; (3) the suit must be based on
> the same cause of action; and (4) the plaintiff must have had a full
> and fair opportunity to litigate the claim in the prior suit.

Id.; see also Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation, 975

F.2d 683, 687 (10th Cir. 1992).  All four criteria are met here where the parties

and issues are identical to those in the action previously dismissed on its merits,

and where there has been no showing that the parties did not have a full and fair

opportunity to litigate their claims.

Because Mr. Workman's appeal provides no basis on which the district

court's res judicata determination should be reversed, and indeed fails even to

address the question, we hold that Mr. Workman's appeal is frivolous or

malicious under 28 U.S.C. §1915(e)(2)(B)(i).[2]  We therefore **DENY** him

---

[2]On appeal, Mr. Workman appears to raise claims not included in his
complaint before the district court.  To the extent the appeal does raise new
issues, we do not consider them.  See 10th Cir. R. 28.2(b); Valley Improvement
Ass'n, Inc. v. United States Fidelity & Guaranty Corp., 129 F.3d 1108, 1121 (10th
Cir. 1997).  Mr. Workman may pursue these claims in a separate action should he

permission to proceed in forma pauperis pursuant to 28 U.S.C. §1915(a)(3) and

**DISMISS** the appeal.[3]  Further, this dismissal counts as a "prior occasion" for

purposes of  28 U.S.C. §1915(g).

      The mandate shall issue forthwith.

ENTERED FOR THE COURT


STEPHANIE K. SEYMOUR
CHIEF JUDGE

---

choose to do so, bearing in mind the limitations imposed by the Prison Litigation Reform Act.  <u>See</u> 28 U.S.C. §1915(g).

    [3]Mr. Workman's motion for appointed counsel on appeal is denied.