**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BRENDA SATTERFIELD,

      Plaintiff-Appellant,

v.

OLSTEN KIMBERLY QUALITY
CARE,

      Defendant-Appellee.

No. 99-7048
(D.C. No. 98-CV-518-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Brenda Satterfield appeals from the district court's order

dismissing her Title VII complaint against her former employer, Olsten Kimberly

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Quality Care. In a prior complaint, plaintiff claimed that defendant had terminated her employment in violation of the Family Medical Leave Act (FMLA). The district court dismissed the FMLA action with prejudice upon motion of plaintiff. The court subsequently dismissed plaintiff's Title VII action on the basis of res judicata. On appeal, plaintiff asserts that the district court erred in dismissing her Title VII complaint. Specifically, she claims that her Title VII complaint, alleging national origin discrimination, arose from a different cause of action than her earlier FMLA complaint, and therefore, was not subject to res judicata preclusion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I.

In her first action, filed March 8, 1998, plaintiff asserted that defendant terminated her employment in violation of the FMLA because she took medical leave in order to receive treatment for a medical condition. On June 15, 1998, plaintiff received her right to sue letter from the EEOC authorizing her to pursue her Title VII action. On July 8, 1998, the district court dismissed her FMLA complaint with prejudice upon stipulation of both parties. On September 15, 1998, plaintiff filed her Title VII action in Oklahoma state court, alleging that defendant discriminated against her based on her national origin as an American Indian as to wages, hours, working conditions, and termination. Defendant

-2-

removed the matter to federal court and moved for dismissal under Fed. R. Civ. P. 12(b)(6) on res judicata grounds.

In granting defendant's motion to dismiss, the district court determined that all of plaintiff's claims arose from the same cause of action and could have been brought in the original lawsuit. Acknowledging that plaintiff had not yet received her right to sue letter at the time she filed her FMLA action, the court observed that she received the letter before she requested voluntary dismissal of the action, and, at that point, could have filed an amended complaint to include the Title VII claims.

II.

The legal sufficiency of a complaint is a question of law; hence, a Rule 12(b)(6) dismissal is reviewed de novo. *See Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). As in this case, where the facts are not in dispute, we also review de novo the district court's application of the substantive law of res judicata. *See Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

"Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements." *Id.*; *see also* Fed. R. Civ. P. 8(c). In order to support dismissal on res judicata grounds, defendant must satisfy four elements: "(1) the prior suit must have ended with

a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun*, 124 F.3d at 1257.

"Res judicata, or claim preclusion, precludes a party . . . from relitigating issues that were or *could have been* raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." *King v. Union Oil Co.*, 117 F.3d 443, 445 (10th Cir. 1997) (emphasis added). When, as here, the subsequent claim was not, but could have been, brought in the earlier suit, we do not focus primarily on whether the precluded claim is based on similar operative facts or legal theories as those raised in the earlier suit, but instead focus on whether both actions arise from the same "cause of action." *King*, 117 F.3d at 445.

Here, plaintiff does not dispute that the voluntary dismissal with prejudice of her first action constitutes a judgment on the merits. *See Clark*, 953 F.2d at 1238. She also does not dispute that the parties to both suits were identical. What plaintiff primarily challenges is the district court's determination that the two suits were based on the same cause of action. This circuit has adopted the following transactional approach from Restatement (Second) of Judgments § 24 (1982) to determinations of this question:

[A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.

*King*, 117 F.3d at 445 (further quotation and citation omitted); *see also Clark*, 953 F.2d at 1238.

Plaintiff contends that the two actions arose out of different causes of action because, in the first, she alleged a violation of the FMLA, and, in the second, she alleged a violation of Title VII. This argument is not persuasive. Plaintiff cannot defeat the application of res judicata "by simply alleging new legal theories." *Clark*, 953 F.2d at 1238. Here, the transaction was plaintiff's employment relationship with defendant. If plaintiff had raised all of her claims of discrimination during her employment and her claims of unlawful termination in her first lawsuit, all of her allegations would have been heard and decided. *See* Fed. R. Civ. P. 18(a) (in an original claim, a party may join "as many claims, legal, equitable, or maritime, as the party has against an opposing party").

Plaintiff complained of unlawful discharge in her first complaint. This claim reappeared in her second complaint, albeit under a different legal theory. Contrary to plaintiff's contention, the fact that, in her second complaint, she also alleged discrimination in defendant's handling of her wages, hours, and working

conditions, does not change the fact that her alleged unlawful termination was the nucleus of both complaints. Where, as here, both the facts and the claims relate exclusively to plaintiff's employment relationship, *see Clark*, 953 F.2d at 1239, we agree with the district court's determination that plaintiff's second suit arose from the same cause of action or "series of connected transactions which resulted in her separation from employment." Appellant's App. at 37.

Finally, whether plaintiff had a full and fair opportunity to litigate all her claims in the first suit is determined "by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties." *Nwosum*, 124 F.3d at 1257-58. In a somewhat nebulous fashion, plaintiff appears to argue that she was procedurally precluded from bringing the Title VII claims in the initial lawsuit because she had not yet received her right to sue letter from the EEOC. We do not agree. Plaintiff does not dispute the fact that she received her right to sue letter a number of weeks before she moved the court for voluntary dismissal of the FMLA suit. We agree with the district court that at the time she received the letter, she could have amended her complaint to include her Title VII claims, an action she eschewed in favor of dismissing her FMLA complaint and refiling in a different jurisdiction. Consequently, we reject plaintiff's contention that she was

hampered by procedural limitations on her ability to bring her Title VII claims in her original suit.

### III.

The main consideration underlying res judicata is the interest in bringing litigation to an end. "To allow [plaintiff's] second suit to proceed as framed would allow precisely the sort of piecemeal litigation, unnecessary expense, and waste of judicial resources that the doctrine of res judicata is designed to prevent." *King*, 117 F.3d at 447. Therefore, we conclude that the district court correctly held that plaintiff was barred by res judicata from bringing her second lawsuit claiming Title VII violations.

AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge