**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

F. MICHAEL CREUSERE,

    Plaintiff-Appellant,

v.

SUSANNA MURPHY, individually
and in her official capacity as
Superintendent of Tularosa Municipal
Schools, Tularosa, NM; GARNETT
E. TWYMAN, individually and in his
official capacity as Superintendent of
Henry County Public Schools, New
Castle, KY; MICHAEL DORAME,
individually and in his positions of
Assistant Superintendent, Acting
Superintendent, and Superintendent
of Tularosa Municipal Schools,
Tularosa, NM; DONALD
MENDONCA, individually and in his
official positions of chairman and
member of the Tularosa Municipal
School Board, Tularosa, NM;
MANUEL RODRIGUES,
individually and in his official
position as member of the Tularosa
Municipal School Board, Tularosa,
NM; GODFREY CORDOVA,
individually, and in his official
position as member of the Tularosa
Municipal School Board, Tularosa,
NM; DAVE SHEPPARD,
individually and in his official
position as member of the Tularosa
Municipal School Board, Tularosa,
NM; REGINALD TORTILLA,

No. 99-2181
(D.C. No. CIV-97-98-LH/DJS)
(D. N.M.)

individually and in his official position as member of the Tularosa Municipal School Board, Tularosa, NM; ROBERT SAINZ, individually and in his official position as member of the Tularosa Municipal School Board, Tularosa, NM; BOBBY MONTOYA, individually and in his official position as member of the Tularosa Municipal School Board, Tularosa NM; TULAROSA MUNICIPAL BOARD OF EDUCATION; RONALD GEISHEIMER, individually and in his official capacities as Principal and the Administrative Team at Tularosa High School, Tularosa, NM; ROBERT CERNY, individually and in his official capacities as Assistant Principal and the Administrative Team at Tularosa High School, Tularosa, NM; PAM MILLER, individually and in her official capacities as Athletic Director and the Administrative Team at Tularosa High School, Tularosa, NM; HENRY COUNTY BOARD OF EDUCATION, of New Castle, Henry County, KY,

Defendants-Appellees,

and

JOHN MURPHY, individually and as a co-conspirator of Susanna Murphy in her official capacity of Superintendent of Tularosa Municipal Schools, Tularosa, NM and as a co-conspirator of Garnett E.

Twyman in his official capacity of
Superintendent of Henry County
Public Schools, New Castle, KY;
JOHN DOES, all unnamed persons,
individually and in their official
capacity as members of the Tularosa
Municipal School Board, Tularosa,
NM from 1994 to present,

Defendants.

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **ANDERSON** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff F. Michael Creusere appeals from an order of the district court

granting summary judgment to defendants.  We affirm.

Mr. Creusere was employed as a science teacher in the Tularosa, New

Mexico School District from 1986 to 1994.  Mr. Creusere offers two reasons as

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to why his employment with the school district ended. He states he informed the Board of Education in January 1994, that he would not return at the expiration of his contract due to the negative, anti-academic atmosphere. He also states that his contract was not renewed due to his expressed opinions about matters of public concern including the funding of athletic programs at the expense of academic programs thus forcing students to chose between athletics and academics.

Mr. Creusere was then hired by the Henry County, Kentucky School District as a science teacher and coach for the 1994-95 school year. He was terminated by Henry County at the end of that school year for insubordination, conduct unbecoming a teacher, inefficiency, incompetency and neglect of duty.

Mr. Creusere commenced an action in the federal district court in the Eastern District of Kentucky against many of the same defendants as present here. The defendants are employed in various capacities with either the Tularosa or Henry County school districts. He brought claims under 42 U.S.C. §§ 1983, 1985, and the First, Fifth, Ninth, and Fourteenth Amendments. The Kentucky Eastern District court dismissed the action against the New Mexico defendants for failure to state a claim. The court granted the Kentucky defendants' motion for summary judgment. [1]

---

[1] Mr. Creusere's appeal in the Kentucky action was dismissed as the notice of appeal was untimely. See Creusere v. Twyman, No. 98-5783 (6th Cir. Dec. 13, 1999).

Mr. Creusere then commenced this action. Here, Mr. Creusere raises many of the same issues he raised in Kentucky. He also names many of the same defendants. The district court granted the defendants' motions for summary judgment holding that his claims against the New Mexico defendants were barred by res judicata and collateral estoppel . The court granted the Kentucky defendants motion for summary judgment on the basis that it lacked personal jurisdiction over those defendants.

On appeal, Mr. Creusere argues that a conspiracy existed and the district court should have granted his default motion against defendant John Murphy. Mr. Creusere asserts that res judicata and collateral estoppel do not apply against the New Mexico defendants because his issues could not be heard in a single forum and he has valid claims against both the New Mexico and Kentucky defendants . Mr. Creusere argues the district court's orders were confusing as it did not reduce them to writing.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id.

The district court granted summary judgment to the New Mexico defendants on the basis of res judicata and collateral estoppel . The court determined that Mr. Creusere had brought the same claims against the same parties in Kentucky. [2] Mr. Creusere argues that the Kentucky district court did not have jurisdiction over the New Mexico defendants because service was never properly effected.

> A defect in the district court's jurisdiction over a party is a personal defense which may be asserted or waived by a party. Objections to personal jurisdiction and service of process must be asserted in the answer or in a pre-answer motion. If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses.

FDIC v. Oaklawn Apartments , 959 F.2d 170, 174-75 (10th Cir. 1992) (quotation and citations omitted).

The New Mexico defendants waived any defense relating to service of process by failing to assert it. Therefore, the Kentucky district court properly exercised jurisdiction over them.

Collateral estoppel precludes the relitigation of an issue that has been decided in a previous action. See Murdock v. Ute Indian Tribe of Uintah &

---

[2] Although the Kentucky district court dismissed the action against the New Mexico defendants, "[a] ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full res judicata effect." See State Farm Mut. Auto. Ins. Co. v. Dyer , 19 F.3d 514, 518 n.8 (10th Cir. 1994) (quotation omitted).

Ouray Reservation, 975 F.2d 683, 687 (10th Cir. 1992). Res judicata bars the relitigation of claims that arise from the same cause of action and that were *or could have been* advanced in a prior proceeding. See Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997). We agree with the district court that the claims Mr. Creusere raises here are barred by these two doctrines. See Murdock, 975 F.2d at 687-90 (collateral estoppel) (identifying elements which must be satisfied); Nwosun, 124 F.3d at 1257 (res judicata) (same). We disagree with Mr. Creusere that he could not have brought all his claims in the same action.

The district court granted summary judgment for the Kentucky defendants because it did not have subject matter jurisdiction over them since they did not have the requisite minimum contacts with New Mexico. The record shows that the only contacts the Kentucky defendants had with New Mexico were several phone calls by defendant Twyman to Tularosa school officials requesting confirmation of Mr. Creusere's employment information. Twyman received several faxes in response. Mr. Creusere has not shown that the Kentucky defendants engaged in any actions which would permit the New Mexico district court to exercise personal jurisdiction over them pursuant to N.M. Stat. Ann. § 38-1-16(A).

Mr. Creusere argues that the district court should have granted his motion for default against defendant John Murphy as a conspirator in this action. Mr. Murphy is not a named appellee in this appeal and we do not address this issue as Mr. Murphy had no notice that he was subject to the jurisdiction of this court on appeal and had no opportunity file a brief.    See United States v. Morales, 108 F.3d 1213, 1223 (10th Cir. 1997).  However, we note that Mr. Creusere has failed to meet the requirements for showing a conspiracy.  The bald conclusory statement in his complaint will not suffice.    See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995).

Our review shows that the district court's orders were clear.  If Mr. Creusere were confused, he should have requested clarification from the court.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED for substantially the reasons set forth in its order of May 20, 1999.   The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge