ORDER AND JUDGMENT*
STEPHEN H. ANDERSON, Circuit Judge.
Countrywide Home Loans (“CHL”) appeals a decision of the Bankruptcy Appellate Panel (“BAP”) reversing a decision of the United States Bankruptcy Court for the Western District of Oklahoma. The bankruptcy court had entered judgment in favor of CHL, holding that its mortgage lien on debtor Carl G. Davis’s principal residence was not avoided by the order of confirmation in Davis’s Chapter 13 bankruptcy case. The BAP reversed that judgment, concluding that prior orders of the bankruptcy court had preclusive effect and barred CHL from asserting that its mortgage lien survived confirmation of the plan. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and we affirm.
BACKGROUND
On November 30, 1999, CHL and Davis entered into a loan transaction. Davis executed a promissory note secured by a mortgage on his primary residence. CHL recorded the note and mortgage with the Oklahoma County Clerk on December 15, 1999. Davis subsequently defaulted on the loan.
On August 24, 2000, CHL filed a foreclosure petition against Davis in Oklahoma state court. After experiencing difficulty serving Davis with notice of the foreclosure petition, CHL ultimately filed proof of publication in the Journal Record on December 22, 2000.
Meanwhile, on December 1, 2000, Davis filed a petition for relief under Chapter 13 of the Bankruptcy Code, along with a proposed Plan. Davis included the following sentence in the paragraph of the Plan entitled “Secured Claims”: “Countrywide Home Loans is secured by an unperfected mortgage that will be avoided upon plan completion.” Appellant’s App. at 22. Immediately below that appeared the following:
Name of Creditor: Collateral: Total Claim: Allowed Secured: Int. Rate: Monthly Payment:
COUNTRYWIDE HOME unperfeeted mortgage $61,565.58 0.00 0.00% 0.00

Id.

On December 12, 2000, the clerk of the bankruptcy court mailed a “Notice of Commencement of Case Under Chapter 13 of the Bankruptcy Code,” along with a copy of Davis’s Chapter 13 Plan, to all creditors. These included CHL, with its address listed as P.O. Box 8239, Van Nuys, CA 91409. The notice informed CHL of the date for the meeting of creditors, the date for the hearing on the confirmation of the Plan, and the deadline for filing a proof of claim.
*673 CHL did not appear at the meeting of creditors on January 11, 2001, and did not file an objection to confirmation of Davis’s Plan. CHL did file a proof of claim on February 9, 2001, asserting CHL was the holder of a secured claim in the amount of $68,233.41. CHL attached to its proof of claim copies of the note and the mortgage, both dated November 30, 1999, initialed and signed by Davis. Neither the note nor the mortgage bore any indication that either had been filed of record with the Oklahoma County Clerk, nor did CHL file any other document which supported its assertion that it had a perfected security interest in Davis’s residence. Davis did not file an objection to CHL’s proof of claim.
On February 27, 2001, the bankruptcy court confirmed Davis’s Plan, without objection from CHL, and entered an order confirming the Chapter 13 Plan on February 28, 2001. CHL did not appeal that order, with the result that it became final on March 12, 2001. Neither CHL nor any other party filed a motion to revoke the confirmation order on grounds of fraud within the succeeding 180-day period permitted under 11 U.S.C. § 1330.[1]
On December 10, 2001, more than one year after Davis filed for bankruptcy with a Plan alleging that CHL did not have a perfected mortgage, and more than nine months after the bankruptcy court’s order confirming Davis’s Plan, CHL filed a motion for relief from the automatic stay, requesting authority to proceed with the pending state court foreclosure. CHL attached to that motion copies of the note and mortgage bearing the file stamp of the Oklahoma County Clerk, indicating they had been recorded on December 15, 1999. On March 26, 2002, the bankruptcy court conducted a hearing on CHL’s motion, during which CHL’s counsel apparently abandoned the specific remedy sought in CHL’s written motion (relief from the automatic stay and authority to proceed with its foreclosure petition under state law) and instead sought three “alternative” remedies: First, he sought modification of the Plan “based on a misrepresentation for equitable reasons,” Tr. of Proceedings at 4, Appellant’s App. at 31; second, he asked the court “to require an adversary proceeding [under Fed. R. Bankr.P. 7001][2] before [CHL’s] lien can be avoided,” id. at 5, Appellant’s App. at 32; or, third, he asked the court to refuse to discharge the debt. CHL’s counsel concluded by stating, “[w]e are asking for anything to help here.” Id. at 6, Appellant’s App. at 33.
At the conclusion of the hearing, the court denied CHL’s motion, stating, “I think the order confirming this plan was over a year ago. And for that reason the Court denies the relief asked by Countrywide.” Id. at 14, Appellant’s App. at 41. The bankruptcy judge who had presided over the matter up to and including the hearing retired shortly after the hearing was concluded. Accordingly, a different judge signed the two written orders, dated October 10, 2002, and December 19, 2002, memorializing the court’s oral ruling at the end of the hearing.
*674 The October 10, 2002, order states that “the motions filed by [CHL] in this case are denied for the reasons as stated by this Court on the record.” Order, Appellant’s App. at 43. The December 19, 2002, order states the following:
All parties being present by counsel, announced ready, and the Court proceeded to receive evidence and argument of Counsel, including an oral modification to the Motion for Relief, wherein [CHL] alleged that Rule 7001 requires an adversary proceeding to accomplish the lien avoidance by debtor. Upon full consideration thereof, [the Court] finds and orders that the motions filed by [CHL] in this case are denied for reasons as stated by this Court on the record, specifically that Rule 7001 is not applicable and an adversary proceeding is not required in this case.
IT IS THEREFORE ORDERED that the Motion for Order of Abandonment and Motion for Relief From Automatic Stay, as orally modified, filed by Countrywide Home Loans, d/b/a America’s Wholesale Lender are denied.
Order at 1, Appellant’s App. at 44.
CHL did not appeal either of those orders, and they became final orders in the case. Additionally, CHL did not file a motion under either Fed. R. Bankr.P. 9023 or 9024, incorporating, respectively, Fed. R.Civ.P. 59 and 60.[3] Instead, more than two months later, on February 27, 2003, CHL commenced the instant new adversarial proceeding. CHL asked the bankruptcy court to determine that its claim for $68,233.41, plus interest, costs and fees, is a secured claim, with Davis’s residence as collateral. CHL further asked the court to determine that CHL has a valid lien against that residence that, even if unenforceable for the duration of the Plan, shall become enforceable upon discharge of the Plan in the full amount, plus interest from April 1, 2000, costs and fees.
Citing Andersen v. UNIPAC-NE-BHELP (In re Andersen), 179 F.3d 1253, 1257 (10th Cir.1999) and Plotner v. AT & T Corp., 224 F.3d 1161, 1168-73 (10th Cir.2000), Davis argued that CHL’s claim was precluded by res judicata, because it had been resolved against CHL in the confirmation process or by the bankruptcy court’s rulings on CHL’s motion for relief, and that CHL failed to object to confirmation of the Plan, nor did it appeal the confirmation order or any other order. CHL responded that the Plan provision purporting to avoid CHL’s lien on Davis’s residence upon completion of the Plan violates 11 U.S.C. § 1322(b)(2), which provides that a debtor’s plan may “modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debt- or’s principal residence.” Id. CHL further argued that nothing in the confirmation order avoids its lien; that, pursuant to Fed. R. Bankr.P. 7001(2), Davis was obligated to file an adversary proceeding if he questioned the validity and secured status of CHL’s lien; and that CHL timely filed its proof of claim, to which Davis never objected, which constitutes “prima facie evidence of the validity and amount of the claim.” Id. 3001(f). Finally, CHL argued In re Andersen is distinguishable and/or unavailing given other decisions by the Bankruptcy Court in Oklahoma.
As indicated, the bankruptcy court, in a lengthy opinion, agreed with CHL and reinstated its lien on the Davis property.[4] It *675 was that opinion which the BAP reversed and which is the subject of this appeal. The parties largely reiterate the arguments they made before the bankruptcy court.
DISCUSSION
“Although this appeal is from a decision by the BAP, we review only the Bankruptcy Court’s decision. We accept the Bankruptcy Court’s factual findings unless they are clearly erroneous.” Alderete v. Educ. Credit Mgmt. Corp. (In re Alderete), 412 F.3d 1200, 1204 (10th Cir.2005) (citation omitted). “We review the grant of summary judgment by the bankruptcy court de novo, applying the same legal standards as those applied by the bankruptcy [court] and [the BAP].” Am. Bank & Trust Co. v. Jardine Ins. Servs. Tex., Inc. (In re Barton Indus., Inc.), 104 F.3d 1241, 1245 (10th Cir.1997). Summary judgment is proper where “there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Stat-Tech Int’l Corp. v. Delutes (In re Stat-Tech Int'l Corp.), 47 F.3d 1054, 1057 (10th Cir.1995).
We agree with the BAP that the bankruptcy court failed to accord the proper preclusive effect to the court’s prior orders on CHL’s motion for a stay or for other relief.[5] “Under Tenth Circuit law, claim preclusion applies when three elements exist: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits.” MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir.2005). If those requirements are met, “res judicata is appropriate unless the party seeking to avoid preclusion did not have a ‘full and fair opportunity’ to litigate the claim in the prior suit.” Id. (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1226 n. 4 (10th Cir.1999)); see also Plotner, 224 F.3d at 1168. The doctrine of claim preclusion serves the “fundamental policies” of “finality, judicial economy, preventing repetitive litigation and forum-shopping.” Id.
There can be little doubt that the first two elements of claim preclusion are satisfied in this case. The parties are identical and the bankruptcy court’s prior orders were final judgments on the merits. With respect to the third element — same cause of action — our circuit has “adopted the ‘transactional approach’ of Restatement (Second) of Judgments § 24.” Id. at 1169. Accordingly, “ ‘a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.’ ” Id. (quoting Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir.1997)). It is clear that CHL asserts the same cause of action in the instant proceeding as it did in its motion for relief from the automatic stay before the bankruptcy court. It seeks to have its lien recognized as surviving Davis’s Chap *676 ter 13 proceeding. CHL struggled to articulate the precise legal theory by which it could accomplish that goal before the bankruptcy court, so it admitted before the bankruptcy court it was
really here kind of with our hat in our hands asking for some type of equity and remedy ... It just is not fair for a mistake in the plan like this to go forward .... If there’s any room in the code or ease law to allow the Court to do something to make this fair, it’s asked for .... We are asking for anything to help here.
Tr. of Proceedings at 5-6, Appellant’s App. at 32-33. That broad request for any remedy to salvage its lien constitutes the same cause of action before the bankruptcy court and, on appeal, before us, wherein CHL again seeks to have its lien salvaged.
Finally, we must consider whether CHL had a full and fair opportunity to litigate this matter before the bankruptcy court. We conclude that it did. Not only did it present every conceivable theory on which it might prevail in connection with its motion for a stay, it clearly had multiple opportunities to protect its lien rights during the Chapter 13 proceeding itself. In December 2000 CHL received Davis’s proposed Plan, which clearly indicated that CHL’s claim was to be treated as unsecured because of an unperfected mortgage, which, accordingly, would be “avoided upon plan completion.” Appellant’s App. at 22.[6] CHL failed to attend the meeting of creditors or the hearing on confirmation of the Plan, nor did it challenge the Plan once it was confirmed, including during the six-month period following confirmation in which challenges for fraud are permitted. And while it filed a proof of claim, the actual documents filed only appeared to verify Davis’s assertion that CHL did not have a perfected security interest. Further, it failed to appeal the bankruptcy court’s orders denying its motion to stay. Despite these multiple opportunities to pursue the claim it now pursues, CHL simply failed to utilize them, or, having used them, failed to prevail on them or to mount an appeal. It may not now have yet another attempt to prevail on a claim already resolved adversely to it by the bankruptcy court.[7]
For the foregoing reasons, in the very unique and unusual circumstances of this case, the decision of the BAP is AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. Section 1330 provides in pertinent part:
(a) On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud. 11 U.S.C. § 1330(a).

. Rule 7001 provides in pertinent part:
The following are adversary proceedings:
(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property....
Fed. R. Bankr.P. 7001(2).

. Fed.R.Civ.P. 59 permits motions for a new trial or for amendment of the judgment. Rule 60 permits relief from a judgment or order on various grounds, including mistake, inadvertence, and fraud.

. The bankruptcy judge who ruled in CHL's favor in the decision under review was the *675 same judge who signed the two orders denying CHL’s earlier motion for a stay.

. For the first time at oral argument, CHL argued that, in entering summary judgment in favor of CHL, the bankruptcy court was properly exercising its authority under Fed. R. Bankr.P. 9024, which incorporates Fed. R.Civ.P. 60 permitting relief from a judgment or order on various grounds. CHL made no such argument in its opening brief. ''[W]e have held that ’[t]he failure to raise an issue in an opening brief waives that issue.’ ” Silverton Snowmobile Club v. U.S. Forest Serv., 433 F.3d 772, 783 (10th Cir.2006) (quoting Anderson v. U.S. Dep’t of Labor, 422 F.3d 1155, 1174 (10th Cir.2005)); see also State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n. 7 (10th Cir.1994). CHL has accordingly waived that argument.

. While CHL now suggests in its brief to us that it did not receive notice of the Plan, it is clear that CHL did not argue in the bankruptcy court that it failed to receive notice. Indeed, in the hearing on CHL’s motion for a stay, its counsel conceded he was "not raising any notice issues at all.” Tr. of Proceedings at 3, Appellant’s App. at 30. CHL may not raise a due process argument for the first time on appeal. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992).

. Because of the unusual procedural posture, and unique fact pattern, of this case, we need not delve into the issue of whether and/or how liens securing a mortgage on the debtor’s residence survive in the myriad scenarios presented by Chapter 13 proceedings. Needless to say, the courts are not in agreement. See, e.g., Shook v. CBIC (In re Shook), 278 B.R. 815, 824 (B.A.P. 9th Cir.2002) (noting the various approaches taken by bankruptcy courts); see also Cen-Pen Corp. v. Hanson, 58 F.3d 89 (4th Cir.1995) (majority and dissenting opinions). Given this uncertainty, it would behoove creditors to be vigilant about protecting their interests in their secured claims and fully utilizing the bankruptcy provisions available to them until Congress or the Supreme Court brings greater clarity to the matter.
We accordingly emphasize that this case is confined to its facts. Our holding is very narrow, given the unusual circumstances of this case, including the mistakes and/or failures of CHL and others.