**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN GILKEY,

       Plaintiff - Appellant,

v.

GREG MARCANTEL, WENDY
PEREZ, MICHELLE BOYER,
COLLEEN McCARNEY, JERRY
ROARK,

       Defendants - Appellees.

No. 15-2218
(D.C. No. 2:15-CV-00204-MV-WPL)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

Steven Gilkey, a prisoner housed at the Lea County Correctional Facility in
New Mexico, alleges that his refusal to inform on corrupt prison officials resulted
in a sustained campaign of retaliation — one year of disciplinary segregation and
then nine months' placement in interim Level VI classification — in violation of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent except under the doctrines of law of the case, res judicata and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

his Eighth and Fourteenth Amendment rights. But the district court determined that the allegations in Mr. Gilkey's amended complaint were virtually identical to allegations in an earlier (and unsuccessful) lawsuit filed by Mr. Gilkey a year before and thus were barred by the doctrine of res judicata. Dismissing Mr. Gilkey's complaint, the district court denied his request to proceed on appeal *in forma pauperis* and certified the appeal as frivolous. Mr. Gilkey now seeks leave from this court to proceed *in forma pauperis* and asks us to reverse the district court's dismissal of his complaint.

We cannot provide relief. Mr. Gilkey advances a number of arguments for why the district court should not have applied the doctrine of res judicata to bar his claims, targeted primarily at its third element: that the two suits be based on the same cause of action. *See Nwosum v. General Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997). Mr. Gilkey first points out that his earlier suit included factual allegations not even mentioned in this one — specifically, the disciplinary hearing that led to his year-long segregation. And to the extent other facts overlap, he suggests that his claims here didn't exist when the first action was filed. But he admits that both suits involved the same alleged "denial of classification" after segregation ended, with claims premised on the same alleged violation of a prison policy providing for classification review within five days. That's all that's required. *See id.* ("[A] a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or

occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation.").[1]

The remaining elements of res judicata do not change the outcome. While Mr. Gilkey tries to suggest that his claims, while *presented* in his first suit, were not actually *decided* when the district court dismissed that complaint for failing to state constitutional claims, it is well established that "[a] ruling that a party has failed to state a claim on which relief may be granted is a decision on the merits with full *res judicata* effect." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (internal quotation marks omitted). The fact that Mr. Gilkey has named different defendants does not change the analysis. *See United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992) ("There is privity between officers of the same government so that a judgment in a suit between a party and [one officer of the government] is res judicata in relitigation of the same issue between that party and another officer of the government."). And Mr. Gilkey points us to no facts suggesting that he lacked a full and fair opportunity to litigate his claim in the prior suit. *Nwosum*, 124 F.3d at 1257.

---

[1] Mr. Gilkey claims the district court completely ignored his allegations about the negative mental health effects from his prolonged placement in Level VI, but those allegations appeared only in his original complaint and were absent from his amended complaint. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

Mr. Gilkey's only other argument on appeal is a factual one. He faults the district court for characterizing his placement in Level VI as a "reclassification" when he alleges that prison officials refused to review his status or to reclassify him to a lower confinement level. But this distinction is of no legal significance to the res judicata analysis that formed the basis of the district court's dismissal, or to our analysis of that dismissal on appeal.

The district court's order is affirmed and the appeal is dismissed. We also agree with the district court that Mr. Gilkey's appeal is "without merit in that it lacks an arguable basis in either law or fact." *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). We thus deny his motion for leave to proceed *in forma pauperis*. Mr. Gilkey is reminded that he is obliged to pay the filing fee in full. We further note that the district court's dismissal and our own dismissal of his appeal each count as strikes under 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cty. Det. Ctr.*, 175 F.3d 775, 780-81 (10th Cir. 1999).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge