**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL L. MACGOWAN, JR.,

    Plaintiff - Appellant,

v.

TOWN OF CASTLE ROCK; JASON
GRAY, Mayor; TARA VARGISH,
Director,

    Defendants - Appellees.

No. 22-1061
(D.C. No. 1:21-CV-01246-RM-MEH)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff Michael L. Macgowan, Jr., proceeding pro se, sued the Town of

Castle Rock, Colorado and two Castle Rock officials for alleged civil rights

violations relating to the Town's denial of his application for a zoning variance. The

district court dismissed the lawsuit and Mr. Macgowan has appealed. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.  Background

Mr. Macgowan seeks to erect a digital billboard next to an interstate highway within the Town's limits.  In 2018 he applied for zoning variances to accommodate his plans.  The Town denied his request under a provision of the Town's code prohibiting off-premises advertising.  Mr. Macgowan then sued the Town and its former mayor asserting violations of his rights under the First, Fifth, and Fourteenth Amendments.  The district court dismissed the claims for failure to state a claim upon which relief can be granted.  *Macgowan v. Town of Castle Rock, Colo.*, No. 1:19-cv-01831, 2020 WL 127978 (D. Colo. Jan. 10, 2020).

In February 2021, Mr. Macgowan again requested a variance for his proposed digital billboard, which the Town denied on the same grounds as his previous request.  He then sued the Town again for violations of his First, Fifth, and Fourteenth Amendment rights.  In addition to the Town, Mr. Macgowan sued the current mayor of Castle Rock and the Town's building director.

The defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  They asserted, among other things, that the doctrine of claim preclusion prevented Mr. Macgowan from litigating the same constitutional claims that had previously been dismissed.  The magistrate judge agreed and recommended dismissal, and the district court upheld that recommendation over Mr. Macgowan's objection.  This appeal followed.

2

## II.  Discussion

### A.  Standard of Review

We review a dismissal under Rule 12(b)(6) de novo.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  We accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff.  *Id.*  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation marks omitted).[1]

### B.  Claim Preclusion

The district court dismissed Mr. Macgowan's lawsuit under the claim preclusion doctrine, which "prevent[s] a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."  *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal quotation marks omitted).  The elements of claim preclusion are: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits."  *Id.* (brackets and internal quotation marks omitted).

---

[1] Because Mr. Macgowan proceeds pro se, we liberally construe his filings, but we do not assume the role of advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

We agree with the district court that the circumstances of this case satisfy all three elements of claim preclusion.  Indeed, with respect to the first two elements, Mr. Macgowan makes no attempt to dispute that there was a final judgment on the previous claim and that the defendants are either identical to or in privity with the defendants in the prior case.

As to the third element, Mr. Macgowan appears to argue that there is no identity of the cause of action in both lawsuits.  We have adopted the "transactional approach" to defining a "cause of action."  *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).  "Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation."  *Id.*  What constitutes "the same transaction" must be "determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006) (internal quotation marks omitted).

We are satisfied that the instant lawsuit involves the same causes of action as his previously dismissed lawsuit.  In each case, Mr. Macgowan submitted essentially the identical request to the Town concerning his proposed digital billboard and received the identical response.  In both lawsuits, he raised claims under the First,

4

Fifth, and Fourteenth Amendments to challenge the Town's denial of his request.

Mr. Macgowan argues that his second lawsuit is not the same cause of action because

he identified a specific Town ordinance that he had not identified in the first lawsuit.

But a more specific citation of authority in support of the same claims is insufficient

to avoid claim preclusion.

### III.  Conclusion

For the foregoing reasons, we affirm the decision of the district court.

Entered for the Court


Gregory A. Phillips
Circuit Judge