**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

FRANK M. MUNIZ,

        Plaintiff-Appellant,

v.

BILL RICHARDSON, Governor of the
State of New Mexico; JOE R.
WILLIAMS, Secretary of The New
Mexico Corrections Department; THE
NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

        Defendants-Appellees.

No. 09-2229
(D.C. No.1:09-CV-00202-MCA-RLP)
(D. of N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Frank M. Muñiz, a New Mexico state prisoner proceeding in forma pauperis and pro se,[1] appeals the dismissal of his civil rights complaint alleging 11 claims related to prison conditions.

We exercise jurisdiction under 28 U.S.C. § 1291, and we AFFIRM the district court's rulings.

## I. Background

Muñiz's civil rights complaint alleges numerous unconstitutional conditions in New Mexico state prisons, running the gamut from inadequate disciplinary and grievance procedures to substandard food service. Muñiz groups his allegations into 11 broad claims: (1) improper inmate classification, (2) violations of the prison's disciplinary policies, (3) deficient medical care, (4) denial of postage for legal correspondence, (5) inadequate access to legal materials, (6) denial of postage for international correspondence, (7) general concerns about living conditions, (8) substandard food service, (9) insufficient recreational activities, (10) inconsistently-applied grievance procedures, and (11) a discriminatory goods purchasing service.

The district court held that res judicata barred all but the food service claim. The remaining claim was dismissed because it was not cognizable.

---

[1] We construe Muñiz's "pro se pleadings and other papers liberally, but we do not assume the role of advocate, and his pro se status does not relieve him of his obligation . . . to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Merryfield v. Jordan*, 584 F.3d 923, 924 n.1 (10th Cir. 2009) (internal punctuation omitted).

## II. Discussion

We review the district court's legal conclusion that res judicata bars all but one of Muñiz's claims de novo, viewing the facts in the light most favorable to Muñiz. *See Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) ("[T]he question of application of res judicata to the facts, viewed in the light most favorable to the nonmoving party, is a pure question of law to be reviewed *de novo*.") (internal punctuation omitted). We also review de novo the district court's dismissal of Muñiz's other claim under Federal Rules of Civil Procedure 12(b)(6). *See Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). In reviewing the district court's decision, "we can affirm on any ground adequately supported by the record, so long as the parties have had a fair opportunity to address that ground." *Thomas v. City of Blanchard*, 548 F.3d 1317, 1327 n.2 (10th Cir. 2008) (internal punctuation omitted).

### A. Claims properly dismissed under res judicata

The district court correctly dismissed several of Muñiz's claims on res judicata grounds. "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir.

1997); *but see Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999) (discussing whether the fourth prong is a "requirement" or an "exception").

Liberally construed, Muñiz disputes that his current claims are based on the same causes of action as his prior claims. "[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Nwosun*, 124 F.3d at 1257. We have cautioned that "[d]etermining what constitutes a single cause of action has long been a troublesome question." *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). The Restatement of Judgments provides guidance: "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series' [of transactions], are to be determined pragmatically, giving weight to such considerations as to whether the facts are related in time, space, origin, or motivation . . . ." RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982).

Muñiz's claims relating to (1) improper inmate classification, (2) denial of postage for legal correspondence, and (3) denial of postage for international correspondence are part of the same series of transactions as his previous claims. In *Muñiz v. Moore*, No. CIV 08-714 JB/ACT (D.N.M. July 30, 2009), Muñiz alleged he was improperly classified based on false charges and fabricated information, and in violation of the prison's policies. The allegations in *Muñiz v. Moore* are substantially identical to the improper inmate classification claim

-4-

Muñiz brings now, and therefore res judicata bars this claim. Similarly, in *Muñiz v. Williams*, No. CIV 08-1106 WJ/ACT (D.N.M. Aug. 11, 2009), Muñiz alleged prison officials unconstitutionally denied him adequate postage for various mailings. The allegations in *Muñiz v. Williams* are substantially identical to the mail-related claims Muñiz brings now, and therefore res judicata bars these claims as well.

**B. Other dismissed claims**

The remainder of Muñiz's claims do not present grounds for relief and therefore are dismissed. Federal courts must dismiss in forma pauperis complaints if they "fail[] to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). Federal courts may dismiss complaints under Federal Rules of Civil Procedure 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal punctuation omitted).

*1. Eighth Amendment claims*

Muñiz attempts to state several Eighth Amendment claims. The Supreme Court has held that "[n]o static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (internal

punctuation omitted).  The Eighth Amendment's prohibition encompasses punishments that "involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime . . . ."  *Id.* (internal punctuation omitted).  At the same time, "the Constitution does not mandate comfortable prisons," and penal "considerations properly are weighed by the legislature and prison administration rather than a court."  *Id.* at 349.

The district court properly dismissed Muñiz's Eighth Amendment claim relating to substandard food service for failure to state a legally cognizable claim.  For the same reason, we dismiss his claims relating to deficient medical care, general concerns about living conditions, and insufficient recreational activities.

In his substandard food service claim, Muñiz argues that New Mexico prisons' food is of such poor quality and so lacking nutrition that it violates the Eighth Amendment.  However, Muñiz's specific allegations show—at most—that prisoners do not enjoy the food that is served.  This plainly does not rise to the "serious deprivation of basic human needs" that offends the Eighth Amendment.  *Id.* at 347.

Muñiz's deficient medical care claim involves denials of referrals to outside physicians and extended wait times for optometry and dental care.  Again, Muñiz's specific allegations do not approach the "deliberate indifference to serious medical needs" that constitutes an Eighth Amendment violation.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Muñiz's general concerns about living conditions center on excessive heating and air conditioning, dirty mops, insufficiently sized showers, and television programs played continuously in a loop. Even if the prison conditions are as he describes them, they do not violate the Eighth Amendment. Muñiz comes closest to stating a cognizable claim when he describes the repeated television programs being used as a harassment tool. But even assuming prison officials' ill intent, Muñiz does not allege that he is required to sit near the televisions as the programs are repeated. We find no plausible Eighth Amendment violation arising from Muñiz's living conditions claims.

Finally, we dismiss Muñiz's Eighth Amendment claim regarding recreational activities. The gravamen of his complaint is that the prison's recreational facilities—which he acknowledges include a basketball hoop and fitness equipment—are too small. It is unclear what, if any, constitutional argument Muñiz makes on this count. Liberally construed as an Eighth Amendment claim, it fails.

### 2. Due process claims

Muñiz attempts to state several due process claims. He claims that prison officials violate their own disciplinary policies and are unfair to prisoners in grievance hearings. He also claims the official in charge of the prison's goods purchasing service, the canteen, discriminates against him due to his filing of grievances and legal actions. Prison officials must follow their own policies,

*Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996), and they may not retaliate against prisoners for filing grievances or legal actions, *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990). Muñiz makes only general, not specific, allegations about the grievance hearings and the prison's canteen. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based," *Hall*, 935 F.2d at 1110, and therefore those claims are dismissed.

Muñiz makes an additional due process claim, which he states in more detail. He claims that he has inadequate access to legal materials because the prison staff is not legally trained and cannot provide federal or state case law. It is well-settled that prisoners have a constitutional right to access the court system, and that access must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Muñiz's claim founders because he admits that he has access to case law through a mail service. Indeed, his brief's extensive case citations belie a lack of legal access. Muñiz later vaguely asserts that his legal correspondence is censored, but, much like his other due process claims, he does not provide any specific details about that censorship.

### III.  Conclusion

For the forgoing reasons, we AFFIRM the district court's rulings.  We DENY Muñiz's motion for leave to proceed without prepayment of costs and fees. We remind Muñiz of his continuing obligation to make partial payments of his filing fees until they are paid in full.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge